J-A26033-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALAN DANIEL BERLIN | |
| Appellant | No. 2082 MDA 2012 |

Appeal from the Judgment of Sentence May 29, 2012
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003478-2009

BEFORE:  BOWES, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED NOVEMBER 06, 2014**

Appellant Alan Berlin ("Appellant") appeals the judgment of sentence entered on May 29, 2012, by the Dauphin County Court of Common Pleas. After careful consideration, we affirm.

We summarize the convoluted history of this matter as follows. The Commonwealth charged Appellant with four (4) counts of various forms of Unlawful Contact With a Minor[1] and one (1) count of Criminal Use of a Communications Facility.[2]  The charges stemmed from police allegations that the then 40-year-old Appellant repeatedly contacted a 15-year old boy, who Appellant knew to be 15 years old, via computer chatrooms and other

---

[1] 18 Pa.C.S. § 6318(a)(1), (a)(4), (a)(5), and (a)(6).

[2] 18 Pa.C.S. § 7512.

electronic means, for the purpose of meeting and engaging in sexual relations of various sorts with the boy and another 20-year old male.

After Appellant entered a negotiated guilty plea and then withdrew the plea, a jury found Appellant guilty on all counts.[3] The trial court sentenced Appellant to an aggregate term of 6 to 12 years of incarceration and 8 years of consecutive probation. Appellant filed a post-sentence motion that was denied by operation of law,[4] and Appellant timely appealed.

On December 14, 2012, the trial court ordered Appellant to file a 1925(b) statement of matters complained of on appeal no later than January 4, 2013. Appellant did not comply. Accordingly, on January 23, 2013, the trial court entered an order finding that Appellant had failed to file the ordered 1925(b) statement, that this failure waived all issues for appeal, and therefore the court had no basis upon which to prepare a 1925(a) opinion.

On June 19, 2013, through new counsel, Appellant requested that this Court remand the matter so he could file a 1925(b) statement *nunc pro tunc*. **See** Appellant's Petition to Remand and Leave to File Concise Matters Complained of on Appeal. On June 26, 2013, this Court granted Appellant's

_____

[3] The jury that convicted Appellant was the second to hear the case. Appellant's first trial, conducted on April 12-13, 2011, resulted in a hung jury. A jury convicted Appellant following a second trial, which was conducted on March 5-7, 2012.

[4] Post-sentence motions upon which a trial court does not rule within 120 days are deemed denied by operation of law. Pa.R.Crim.P. 720(B)(3)(a).

request and remanded the matter for 30 days with direction to Appellant to file a 1925(b) statement within 7 days – *i.e.*, no later than July 3, 2013 – and further directing the trial court to file a 1925(a) opinion based on the statement, once filed. **See** Per Curiam Order of Superior Court, June 20, 2013.[5]

Appellant did not file the ordered 1925(b) statement on or before July 3, 2013. Instead, Appellant filed an untimely 1925(b) statement on July 18, 2013.[6] This statement included Appellant's sufficiency of the evidence claim.[7]

_____

[5] This order incorrectly indicates Appellant filed his Petition for Remand on January 20, 2013, not January 19, 2013.

[6] While the 1925(b) statement was untimely with regard to this Court's June 26, 2013 order, we will consider it timely filed with regard to this Court's January 14, 2014 order, which the Court filed without knowledge of Appellant's July 18, 2013 1925(b) statement, as discussed *infra*.

[7] The 1925(b) statement also included an averment that Appellant's counsel did not receive this Court's June 26, 2013 order to file the 1925(b) statement by July 3, 2013 until July 11, 2013, and that the postmark indicated a mailing date of July 10, 2013. Included with this filing was Appellant's Exhibit A, an envelope that indicated that this Court originally mailed the June 26, 2013 order on, predictably, June 26, 2013, but that the mailing was apparently returned to this Court as "return to sender; not deliverable as addressed". Oddly, Exhibit A lacked any address information – the place where the address would have been on the envelope was completely blank. Appellant's July 18, 2013 1925(b) statement did not address this peculiarity or further develop the inference that this Court improperly mailed the June 26, 2013 Order.

Coincidentally, also on July 18, 2013, the trial court entered an order explaining that it had not prepared a 1925(a) opinion as ordered by this Court because Appellant had not filed the ordered 1925(b) statement. Clearly, the trial court entered this order without knowledge that Appellant had filed a 1925(b) statement on the same day.

On September 24, 2013, Appellant filed his brief with this Court.[8] The brief does not mention the procedural issue described *supra*. **See generally**, Appellant's Brief. Appellant filed his reproduced record on October 8, 2013. Thereafter, Appellant requested oral argument, which this Court scheduled for January 29, 2014.

After reviewing the procedural issues in the case, on January 14, 2014, this Court entered an order: (1) removing the case from the January 28-29, 2014 argument list; (2) remanding the matter for a second 30-day period; (3) again ordering Appellant to file a 1925(b) statement *nunc pro tunc* within 7 days, or by January 21, 2014; (4) ordering Appellant to serve the statement on the Office of the Attorney General; and (5) explaining that a failure to comply with the order could result in (a) dismissal of the appeal, and (b) referral to the Disciplinary Board. **See** Per Curiam Order of Superior Court, January 14, 2014, pp. 1-3. This Court filed its January 14, 2014

---

[8] Appellant served this brief on the Dauphin County District Attorney's Office, not the Office of the Attorney General, which represents the Commonwealth in this matter.

order without knowledge of Appellant's 1925(b) statement filed on July 18, 2013. **See id.**

Appellant did not file another 1925(b) statement pursuant to this Court's January 14, 2014 order. In lieu of filing a 1925(a) opinion, on March 14, 2014, the trial court entered an order that (1) notes Appellant's failure to comply with this Court's January 14, 2014 order,[9] and (2) returned the record to this Court without authoring a 1925(a) opinion. Ultimately, the parties argued the matter before this Court on September 10, 2014, and the matter is now ready for review.

Appellant raises the following issue for our review:

A. Whether the Commonwealth presented sufficient evidence to substantiate a finding of guilt beyond a reasonable doubt on the charges.

Appellant's Brief, p. 4 (all capitals removed).[10] In essence, Appellant claims his communications amounted to nothing more than deviant role-playing, and that the Commonwealth failed to prove he intended to meet the victim

_____

[9] The trial court acknowledged Appellant's 1925(b) statement filed on July 18, 2013 1925(b), but did not consider it to have complied with this Court's January 14, 2014 Order. **See** Trial Court Order, March 14, 2014.

[10] Appellant alternately states this claim thusly:

A. Was the evidence presented at trial, and all the reasonable inferences arising therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, sufficient to prove the Appellant guilty beyond a reasonable doubt?

Appellant's Brief, p. 7 (all capitals removed).

in real life and actually engage in sexual contact. *See id.* at 8-10.

Therefore, Appellant concludes the Commonwealth failed to adduce sufficient

evidence to sustain his convictions. *See id.* at 10. He is incorrect.

When examining a challenge to the sufficiency of evidence, our

standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super.2011), *appeal denied*, 32 A.3d 1275 (Pa.2011).

Initially, Appellant waived his claims by filing a wholly deficient statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).[11]

---

[11] The Commonwealth argues that **Commonwealth v. Hill**, 16 A.3d 484 (Pa.Super.2011), requires a third remand of this matter for the filing of a timely 1925(b) statement by Appellant. We do not agree that a remand for this purpose is required.

In **Hill**, this Court stated that the latest version of Pa.R.A.P. 1925 requires the remand of direct appeals where counsel commits *per se* ineffectiveness by failing to file an ordered 1925(b) statement. In pertinent part, Rule 1925 provides:

> If an appellant in a criminal case was ordered to file a Statement [of matters complained of on appeal] and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

Pa.R.A.P.(c)(3). This rule is intended to "promote judicial economy in cases where it is apparent that PCRA relief in the form of restoration of direct appeal rights would be a foregone conclusion." **Hill**, 16 A.3d at 496. However, as the Comment to Rule 1925 explains, and this Court has noted, "[paragraph (c)(3)] allows an appellate court to remand in criminal cases *only when the appellant has completely failed to respond to an order to file a Statement*." Note to Pa.R.A.P. 1925 (emphasis provided); **see also Hill**, 16 A.3d at 496 n.15.

Here, although untimely, Appellant did file a 1925(b) statement following this Court's original remand order. Therefore, this scenario does not involve the "complete failure" to respond to an order to file a 1925(b) statement envisioned by Pa.R.A.P. 1925(c)(3). Remand is therefore not required. Instead, for the sake of simplicity and to streamline the proceedings, this Court views Appellant's 1925(b) statement, untimely-filed on July 18, 2013, as Appellant's proper statement of matters complained of on appeal.

Pennsylvania Rule of Appellate Procedure 1925 requires that an appellant "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues[.]" Pa.R.A.P. 1925(b)(4)(ii). "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." **Commonwealth v. Allshouse**, 969 A.2d 1236, 1239 (Pa.Super.2009) ("When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues."). Additionally, this Court has noted, "a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all." **Commonwealth v. Heggins**, 809 A.2d 908, 911 (Pa.Super.2002) (citation omitted).

Specifically, this Court recently reiterated that "[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." **Commonwealth v. Garland**, 63 A.3d 339, 344 (Pa.Super.2013); **see also Commonwealth v. Garang**, 9 A.3d 237, 244 (Pa.Super.2010). The Court further explained: "[s]uch specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." **Garland**, 63 A.3d at 344. Failure to identify what

specific elements the Commonwealth failed to prove at trial in a 1925(b) Statement renders an appellant's sufficiency of the evidence claim waived for appellate review. ***Id.***

Here, Appellant was convicted of four counts of different subsections of Unlawful Contact With a Minor, each of which involve multiple elements that are subtly different from one another, and one count of Criminal Use of a Communications Facility, which of course has entirely different required elements. ***See*** 18 Pa.C.S. §§ 6318, 7512. Appellant's 1925(b) statement questions whether the Commonwealth put forth sufficient proof to support these convictions, but fails to state with specificity any particular element(s) of the crimes, or even which crimes, the Commonwealth failed to prove.[12] Had it attempted to author a 1925(a) opinion based on this 1925(b) statement, the trial court would have been forced to speculate about the possible errors because Appellant did not identify them. Accordingly, because Appellant's sufficiency claims have no direct counterparts in his 1925(b) statement, they are not properly before this Court. Otherwise

_____

[12] The entirety of the sufficiency claim contained in Appellant's 1925(b) statement reads as follows:

> b. Whether the evidence presented at trial was sufficient to prove all the elements of each offense beyond a reasonable doubt.

***See*** 1925(b) Statement, p. 1.

stated, Appellant has waived his sufficiency claims by filing an inadequate 1925(b) statement.[13] **See Garland**, **supra**.[14]

Moreover, even if not waived, Appellant's sufficiency claims would afford him no relief. As previously discussed, Appellant bases his sufficiency argument on the claim that the Commonwealth failed to prove Appellant knew the victim was 15 and that he intended to actually meet with the child in real life. Appellant's Brief, pp. 8-10. This argument lacks merit.

In pertinent part, the Crimes Code defines Criminal Use of a Communications Facility as follows:

> **(a) Offense defined.--**A person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any

---

[13] This inadequate 1925(b) statement would ordinarily necessitate remand as the functional equivalent of no statement at all and therefore *per se* ineffectiveness. **See** Pa.R.A.P. 1925(c)(3); **Heggins**, 809 A.2d at 911. However, remand would be futile and therefore is unnecessary in this matter because a clarification of the specifics of Appellant's sufficiency of the evidence claim(s) would not change the outcome of this appeal: sufficiency claims as to any of Appellant's convictions are meritless because the Commonwealth presented overwhelming evidence of Appellant's guilt as discussed **infra**.

[14] The Commonwealth argues that Appellant has also waived his claims by failing to comport with the requirements that he fully develop his claim with legal and record citations. **See** Commonwealth's Brief, p. 23 n.8; Pa.R.A.P. 2119. This is incorrect. While Appellant's argument does consist mostly of boilerplate language and legal conclusions without support from the record or legal citations, Appellant does make the discernable argument that the Commonwealth failed to prove his intent as to the charges. Accordingly, this Court does not view the claims as waived for this reason, despite Appellant's decidedly thin argument.

crime which constitutes a felony under this title . . . Every instance where the communication facility is utilized constitutes a separate offense under this section.

18 Pa.C.S. § 7512.  The Crimes Code further defines Unlawful Contact With a Minor in relevant part as:

**(a) Offense defined.--**A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:

(1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).

. . .

(4) Obscene and other sexual materials and performances as defined in section 5903 (relating to obscene and other sexual materials and performances).

(5) Sexual abuse of children as defined in section 6312 (relating to sexual abuse of children).

(6) Sexual exploitation of children as defined in section 6320 (relating to sexual exploitation of children).

18 Pa.C.S. § 6318.  Further, violation of Unlawful Contact With a Minor can never be graded as less than a felony of the third degree.  *See* 18 Pa.C.S. § 6318(b).

This Court has long held that the Commonwealth may prove intent by wholly circumstantial evidence for a variety of crimes.  As the Court has explained:

An intent is a subjective frame of mind, it is of necessity difficult of direct proof[.] We must look to all the evidence to establish

- 11 -

intent, including, but not limited to, appellant's conduct as it appeared to his eyes[.] Intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances.

*Commonwealth v. Holley*, 945 A.2d 241, 247 (Pa.Super.2008); *see also* *Commonwealth v. Landis*, 48 A.3d 432, 446 (Pa.Super.2012).

The instant case bears striking factual similarities to *Commonwealth v. Morgan*, 913 A.2d 906 (Pa.Super.2006). In *Morgan*, the 24 year-old defendant had sex with a 14 year-old girl he initially met in an 18+ chatroom and whose profile listed her age as 18. The defendant was convicted, however, of Unlawful Contact With a Minor based on evidence of multiple instant messenger and chat room conversations with the minor for the purpose of engaging in sexual activities after he learned she was only 14 years old. The Court declined the defendant's invitation to "ignore human experience and find that he only contacted [the victim] because he wanted their . . . relationship to be a platonic friendship". *Morgan*, 913 A.2d at 911. Instead, the Court found that the evidence of the computer chats was sufficient to affirm Appellant's conviction for violating 18 Pa.C.S. § 6318. *Id.*

The instant case is effectively *Morgan* without actual sexual relations. Here, the trial evidence revealed that Appellant engaged in repeated direct, sexually explicit instant message chats with the victim. *See* N.T. 3/5-7/2-12, pp. 43-72. Appellant was aware that the victim was 15 years old. *Id.* at 52, 134-135. Throughout the sexually explicit conversations, Appellant

attempted to orchestrate meetings between himself, the victim, and another 20-year old male for the purposes of engaging in sexual activities with one another. *Id.* at 48-49, 52, 56-59, 65-66, 68-69. At times Appellant indicated he only wanted to watch and/or take pictures of the activities, and other times indicated that he wanted to join. *Id.* at 52, 56-59, 62-64, 68-69. He also made sure the victim knew that their meeting must remain a secret. *Id.* at 69. The graphic sexual language of the Appellant's messages, and the specificity with which they discuss the desired meeting place, and the steps necessary to arrange a meeting between the victim and Appellant, leave no doubt that the trial court properly inferred that Appellant intended to actually meet the victim. *See Morgan*, *supra*. Viewed in the light most favorable to the Commonwealth as verdict winner, the trial evidence leaves no doubt that the Commonwealth adduced evidence sufficient to sustain the convictions. In addition to being waived as discussed *supra*, Appellant's claims to the contrary wholly lack merit.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/6/2014

- 13 -