J. S44001/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
ERIC WHITERS, : No. 1619 EDA 2015
:
Appellant :

Appeal from the Judgment of Sentence, December 1, 2014,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0007204-2008

BEFORE: FORD ELLIOTT, P.J.E., STABILE AND MUSMANNO, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JULY 11, 2016**

Eric Whiters appeals the judgment of sentence in which the Court of Common Pleas of Philadelphia County sentenced him to serve a term of five to ten years' imprisonment in a state correctional institution for carrying a firearm when he was a person not permitted to carry a firearm, 18 Pa.C.S.A. § 6105.[1]

The record reflects that on May 4, 2008, Officer Edgar Ruth ("Officer Ruth") of the City of Philadelphia Police Department was traveling with his partner Officer Paul Tinneny ("Officer Tinneny") in a police car on their way back from transporting evidence when a call came from officers requesting more units because there was a large crowd and a disturbance in

---

[1] Appellant was previously convicted of third-degree murder.

a bar/night club in the 5300 block of Market Street. As the vehicle driven by Officer Ruth pulled up to 53rd Street, there were approximately one hundred people on the street. (Notes of testimony, 8/14/13 at 8-10.) A woman to Officer Ruth's left pointed down the street and yelled, "They got guns, [t]hey got guns." (*Id.* at 10.) The woman pointed to a tan Cadillac. According to Officer Ruth, the Cadillac "spun its wheels and took off through the crowd westbound." (*Id.* at 11.) Officer Ruth followed the Cadillac and caught up to it on Yewdall Street when the Cadillac was boxed in by parked cars and forced to stop.

Officer Ruth got out of his car and approached the Cadillac. He noticed that the windows were tinted and "yelled to put the windows down." (*Id.* at 13-14.) Initially, Officer Ruth believed that there were two people in the car, both in the front seat. Officer Ruth saw the driver reaching for the glove box. Officer Ruth instructed the driver to put the car in park and show his hands. (*Id.* at 15.) When Officer Ruth went around the rear of the car, he could see through the tint and noticed a passenger in the backseat. The passenger was later revealed to be appellant. (*Id.* at 16.) When Officer Ruth opened the door, he saw a firearm, a black Kel-Tec .40 caliber, on the floor of the Cadillac under appellant's feet. He also noticed an odor of marijuana. Officer Ruth took appellant out of the Cadillac and put him in Officer Ruth's vehicle. (*Id.* at 18-20.)

Appellant was charged with the crime for which he was convicted.[2]  On March 26, 2010, appellant moved to suppress evidence on the basis that he was arrested without an arrest warrant and without probable cause and that at the time of the arrest, he may have made statements to the police which were the fruits of the illegal arrest and were given prior to the police issuing **Miranda**[3] warnings.  Appellant further alleged that evidence was obtained as the result of illegal searches and seizures and that the police procedure used to obtain appellant's identification was unconstitutional such that his identification should be suppressed.

On August 14, 2013, the trial court heard the motion to suppress. Officer Ruth recounted the circumstances that led him to arrest appellant. The trial court denied the motion to suppress.

The trial court conducted a jury trial on October 1-2, 2014. Officer Ruth reiterated his testimony from the motion to suppress hearing and identified the firearm that was found in the Cadillac under appellant's feet.  (Notes of testimony, 10/2/14 at 32.)  Officer Ruth demonstrated how the firearm was positioned under appellant's feet when he first saw it.  (**Id.** at 77-78.)

---

[2]  He was also charged with receiving stolen property, 18 Pa.C.S.A. § 3925(a), firearms not to be carried without a license, 18 Pa.C.S.A. § 6106(a)(1), carrying firearms in public in Philadelphia, 18 Pa.C.S.A. § 6108, and presenting false identification to a law enforcement officer, 18 Pa.C.S.A. § 4914(a).  These charges were later withdrawn.

[3] **Miranda v. Arizona**, 384 U.S. 436 (1966).

Officer Tinneny corroborated Officer Ruth's testimony. Kenneth James Lay, a civilian supervisor in the laboratory of the Philadelphia Police Department's Firearms Identification Unit, identified a report previously prepared by his office concerning the firearm found in the Cadillac and testified concerning his more recent examination of the firearm. The jury found appellant guilty of possession of a firearm by a prohibited person. The trial court sentenced appellant to a term of five to ten years' imprisonment.

On December 9, 2014, appellant filed a post-sentence motion and asserted that the trial court erred when it denied the motion to suppress, that the introduction of appellant's previous conviction caused irreparable harm with the jury, and that the conviction was against the weight of the evidence. By order dated December 12, 2014, the trial court denied the motion.

Appellant raises the following issues for this court's review:

I.     Whether the Suppression Court improperly denied [a]ppellant's motion to suppress evidence recovered from the search of a motor vehicle?

II.    Whether the weight of the evidence was against [a]ppellant's conviction?

III.   Whether evidence was sufficient to sustain [a]ppellant's conviction?

Appellant's brief at 4.

Initially, appellant contends that the motion to suppress the firearm recovered from the car was improperly denied because probable cause for

the search of the vehicle never existed. Appellant asserts that the anonymous tip provided by the woman that the occupants of the Cadillac had guns was insufficient to provide probable cause for a search. Appellant next asserts that there was no testimony at the suppression hearing concerning the odor of marijuana coming from the vehicle and the police gave no indication that they had reasonable suspicion that criminal activity was occurring within the Cadillac.

> Initially, we note that our standard of review when an appellant appeals the denial of a suppression motion is well established. We are limited to determining whether the lower court's factual findings are supported by the record and whether the legal conclusions drawn therefrom are correct. We may consider the evidence of the witnesses offered by the Commonwealth, as verdict winner, and only so much of the evidence presented by [the] defense that is not contradicted when examined in the context of the record as a whole. We are bound by facts supported by the record and may reverse only if the legal conclusions reached by the court were erroneous. ***Commonwealth v. O'Black***, 897 A.2d 1234, 1240 (Pa.Super. 2006), citing ***Commonwealth v. Scott***, 878 A.2d 874, 877 (Pa.Super. 2005), ***appeal denied***, 586 Pa. 749, 892 A.2d 823 (2005).

***Commonwealth v. Hughes***, 908 A.2d 924, 927 (Pa.Super. 2006). "It is within the sole province of the suppression court judge to weigh the credibility of the witnesses, and he or she is entitled to believe all, part, or none of the evidence presented." ***Commonwealth v. Snell***, 811 A.2d 581, 584 (Pa.Super. 2002), ***appeal denied***, 820 A.2d 162 (Pa. 2003) (citation omitted).

With respect to the motion to suppress, the trial court determined:

> The stop of the vehicle was based on reasonable suspicion. Officer Ruth testified at the suppression hearing that a woman pointed to a tan Cadillac and told him that the occupants inside had guns. He then observed the vehicle speed off at a high rate of speed in a high-crime area, and he observed that the rear windows of the vehicle were tinted, such that upon approaching the vehicle and shining lights on the vehicle, he could see only a silhouette of a head moving forward in the rear of the vehicle. Under the totality of the circumstances, Officer Ruth reasonably suspected that [appellant] was violating the Motor Vehicle Code.
>
> Furthermore, Officer Ruth's search of the vehicle was reasonable, because under the totality of the circumstances it was reasonable for him to believe that the occupants were dangerous and might gain immediate control of weapons. The vehicle's rear windows were darkly tinted and the investigatory stop took place in a high-crime area. Moreover, Officer Ruth had been told that the occupants of the vehicle were armed. Officer Ruth articulated sufficient facts to lead him properly to conclude that Murray[4] could have been armed and dangerous.
>
> The search of the vehicle was based on probable cause. However, the information provided by the woman who approached the officers was insufficient to establish probable cause for a search of the vehicle. She excitedly told the officers that the occupants of the car had guns inside the vehicle, an anonymous tip that was not corroborated by the police officers' observations of the vehicle. Although the tip provided by the woman was insufficient to provide probable cause for a search, Officer Ruth had probable cause for a search when, after lawfully approaching the vehicle, he smelled an odor of marijuana emanating from the vehicle. Upon

---

[4] It is unclear to whom the trial court is referring. The driver of the vehicle was Antoine Cheeks, and the other passenger was Corey Butler.

> smelling the marijuana, the facts and circumstances were such for Officer Ruth to believe that contraband would be found inside the vehicle.

Trial court opinion, 6/5/15 at 6-7(footnotes omitted).

Appellant argues that there was no probable cause to search the vehicle because, as the trial court noted, the tip provided by the unidentified woman was insufficient to establish probable cause for a search.

In order to suppress seized evidence, a defendant must establish that the challenged police conduct implicated a reasonable expectation of privacy that he possessed. A defendant must prove both a subjective expectation of privacy in the area that was searched and an expectation that society would accept as reasonable. *Commonwealth v. Millner*, 888 A.2d 680, 691 (Pa. 2005).

In *Commonwealth v. Burton*, 973 A.2d 428 (Pa.Super. 2009), this court held that when a defendant did not own a vehicle, the vehicle was not registered in the defendant's name, and the defendant did not establish that the owner of the vehicle authorized the defendant to use the car, the defendant failed to establish that he had a reasonable expectation of privacy.

Here, the Cadillac where the firearm was found was neither owned by appellant nor by the two other individuals in the car. Further, there was no evidence presented that the owner of the Cadillac permitted appellant to ride in the vehicle or the driver to operate it. In the event that a search was

conducted, appellant failed to establish that he had a reasonable expectation of privacy which was violated.

Further, the firearm was not the result of a search of the Cadillac. Rather, it was in "plain view" when Officer Ruth opened the rear door of the Cadillac. Officer Ruth was entitled to open the door when appellant did not lower his window as Officer Ruth ordered, especially when the woman had alerted Officer Ruth to the possibility that there were guns in the Cadillac. *See Commonwealth v. Brown*, 654 A.2d 1096, 1102 (Pa.Super. 1995) (as part of a lawful traffic stop, a police officer may order occupants out of a vehicle, given the inherent risk associated with vehicle stops).[5] Officer Ruth did not conduct a search but saw the firearm beneath the feet of appellant. The trial court did not err[6] when it denied the motion to suppress.[7]

---

[5] Appellant concedes that Officer Ruth had a reasonable suspicion to stop the car due to Vehicle Code violations. The trial court determined that there was probable cause to stop the driver of the Cadillac for careless driving, if not reckless driving. (Notes of testimony, 8/14/13 at 39.)

[6] Although the trial court did not deny the motion based on the lack of a reasonable expectation of privacy and the lack of a search, this court may affirm a denial of a motion to suppress even if the suppression court did err in its legal conclusions, where there are other legitimate grounds for admissibility of the challenged evidence. *Commonwealth v. Roman*, 714 A.2d 440, 442 (Pa.Super. 1998).

[7] Appellant also argues that Officer Ruth did not testify to noticing the odor of marijuana when he opened the door to the Cadillac. In fact, he did testify at the suppression hearing that he noticed the odor of marijuana in the interior of the Cadillac. (Notes of testimony, 8/14/13 at 20.) Appellant further argues that the police had no reasonable suspicion to search the interior of the car. Once again, appellant had no reasonable expectation of privacy and a search was not conducted.

Appellant next contends that the verdict was against the weight of the evidence where the police statements were inconsistent regarding the position of the firearm related to appellant.

> [T]he weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact . . . thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence, . . . rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.
>
> ***Commonwealth v. Kim***, 888 A.2d 847, 851 (Pa.Super. 2005) (citations and quotations omitted). A motion for a new trial based on a challenge to the weight of the evidence concedes the evidence was sufficient to support the verdict. ***Commonwealth v. Davis***, 799 A.2d 860, 865 (Pa.Super. 2002).

***Commonwealth v. Jarowecki***, 923 A.2d 425, 433 (Pa.Super. 2007).

Appellant argues that the testimony of Officer Ruth and Officer Tinneny was inconsistent with respect to the location of the firearm. Police reports and testimony stated that the gun was under the right rear floor, between appellant's feet, or appellant's feet were on top of the firearm.

With respect to this issue of whether the verdict was against the weight of the evidence, the trial court reasoned:

> The court finds that the conviction was not against the greater weight of the evidence. Contrary to [appellant's] assertions, it was shown that he possessed the firearm. Even if it were shown that [appellant] could not have actually possessed the firearm, there was a showing that [appellant] had at least constructive possession of the firearm. In order to prove constructive possession, the Commonwealth must present evidence to show that [appellant] had **both** the power to control the firearm and the intent to exercise such control. . . . Constructive possession may be established by the totality of the circumstances. . . . The firearm was found between [appellant's] feet, with his feet on top of the firearm. . . . Based on the circumstances, the jury could have reasonably inferred that [appellant] had the intent and power to control the firearm. A verdict based on such a reasonable inference cannot possibly shock one's sense of justice.

Trial court opinion, 6/5/15 at 8-9 (citations omitted; emphasis in original).

Here, Officer Ruth testified at trial that when he first saw the firearm, it "was flat on the floor on the passenger's side under [appellant's] feet. His feet were sitting on top of it." (Notes of testimony, 10/2/14 at 32.) The property receipt for the firearm stated that it was found on the right rear floor of the Cadillac and not under the floor as argued by appellant.

(Property receipt, 5/4/08.)[8] On cross-examination, Officer Ruth explained that while the detective's report indicated that the firearm was found on the floor between appellant's feet, "I could see the gun between his feet. His feet are on top of it. When I saw it, I could see part of the gun between his feet." (***Id.*** at 68.) Officer Ruth consistently testified as to the location of the gun. The jury apparently credited his testimony.[9] Based on the record before this court, we do not find that the trial court abused its discretion when it declined to grant appellant's post-trial motion concerning the weight of the evidence as the verdict does not shock one's sense of justice.

Finally, appellant contends that the evidence was insufficient to sustain his conviction where there was no showing that he knew the firearm was in the vehicle.

> A claim challenging the sufficiency of the evidence is a question of law. ***Commonwealth v. Widmer***, 560 Pa. 308, 319, 744 A.2d 745, 751 (2000). In that case, our Supreme Court set forth the sufficiency of the evidence standard:
>
> > Evidence will be deemed sufficient to support the verdict when it establishes

---

[8] Officer Ruth read from the property receipt into the record. Either Officer Ruth misread the property receipt or it was mis-transcribed so that the transcript from trial reads that the gun was "under the right rear floor." (Notes of testimony, 10/2/14 at 64-65.) The property receipt was admitted at trial as Exhibit C-3. It was not included in the record submitted to this court. The Commonwealth moved to amend the record to include the property receipt. This court granted the motion.

[9] Officer Tinneny testified that he did not see the firearm before Officer Ruth had it in his hand. (***Id.*** at 93.) Therefore, his testimony was not relevant as to the location of the firearm.

> each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. ***Commonwealth v. Karkaria***, 533 Pa. 412, 625 A.2d 1167 (1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. ***Commonwealth v. Santana***, 460 Pa. 482, 333 A.2d 876 (1975). When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. ***Commonwealth v. Chambers***, 528 Pa. 558, 599 A.2d 630 (1991).

> ***Id.*** at 319, 744 A.2d at 751.

***Commonwealth v. Morgan***, 913 A.2d 906, 910 (Pa.Super. 2006).

Appellant argues that the Commonwealth failed to establish that appellant knew that the firearm was in the backseat of the car.[10]

With respect to the sufficiency of the evidence, the trial court determined:

> [Appellant] is incorrect to suggest that the evidence was insufficient to establish that he knew the firearm was in the vehicle. Officer Ruth opened the car's right rear passenger door and observed [appellant] sitting with a semi-automatic handgun beneath his feet. Based on the circumstances, the jury could

---

[10] Appellant also argues that if the gun were under the floor, he would not know it was there. However, the credible evidence of Officer Ruth established that the gun was underneath and between appellant's feet.

- 12 -

have reasonably inferred that he knew that the firearm was present.

Trial court opinion, 6/5/15 at 9.

A person is guilty of carrying a firearm when not permitted to carry a firearm, 18 Pa.C.S.A. § 6105, if he has been convicted of an offense listed in 18 Pa.C.S.A. § 6105(b) and possesses a firearm. Here, it was established that appellant had previously been convicted of murder, an enumerated offense. Officer Ruth testified that he found the firearm between and under appellant's feet. Officer Ruth also testified that appellant closed his knees together when he put his hands up when Officer Ruth opened the car door. (Notes of testimony, 10/2/14 at 31.) The stipulation that appellant had a previous murder conviction coupled with Officer Ruth's testimony provided sufficient evidence for the conviction. In taking that evidence in the light most favorable to the Commonwealth, the jury could infer that appellant was in possession of the firearm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/2016

- 13 -