J. A18030/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
DANIEL GREGORY FOBES, : No. 1732 MDA 2015
:
Appellant :


Appeal from the Judgment of Sentence, August 13, 2015,
in the Court of Common Pleas of Lancaster County
Criminal Division at No. CP-36-CR-0005059-2014


BEFORE: FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND STEVENS,* P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JANUARY 13, 2017**

Daniel Gregory Fobes appeals the judgment of sentence in which the

Court of Common Pleas of Lancaster County sentenced him to serve 6 to

23 months for reckless burning or exploding, criminal mischief, and

conspiracy to commit reckless burning.[1]

The facts as recounted by the trial court are as follows:

> The car in question, a Ford Explorer, was bought by
> [appellant's] co-conspirator, Kim Stretch, but was
> registered in her Husband's name (John Joseph
> Stretch IV).[Footnote 7]  *Notes of Trial Testimony*
> ("*N.T.T.*") at 145, 216.  The vehicle was not reliable
> and had many problems.  *N.T.T.* at 206.  In late
> April/early May, Ms. Stretch had run into [appellant]
> at a Wawa and [appellant] agreed to help her with

---

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3301(d)(2), 18 Pa.C.S.A. § 3304(a)(1), and 18 Pa.C.S.A.
§ 903, respectively.

the vehicle. *N.T.T.* at 112-113. The next day, [appellant] was driving the vehicle from Palmyra[,] Pennsylvania, at the direction of his co-conspirator (Ms. Stretch), to a residence. *N.T.T.* at 177. On the way, Ms. Stretch called her husband and gave [appellant] the phone. *N.T.T.* at 212. [Appellant] advised the husband that the vehicle was "shot" and that he could "take care of it" and they could report it missing. *N.T.T.* at 213.

> [Footnote 7]: She did this to avoid having to put an ignition interlock on the car, due to two Driving Under the Influence Convictions. *N.T.T.* at 145-146.

They stopped at a gas station where [appellant] was observed "doing something in the back" where the gas tank was located. *N.T.T.* at 158. [Appellant] and Ms. Stretch proceeded to drive the car to a remote location. *N.T.T.* at 182-183. When arriving at the remote location, [appellant] and his co-conspirator got out of the car. *N.T.T.* at 135. [Appellant's] co-conspirator then noted that she had [g]asoline on her leg. *N.T.T.* at 136-137. [Appellant's] friend, Carol Moore Pyle was following [appellant] and Ms. Stretch in a separate car. *N.T.T.* at 181. When Ms. Pyle arrived at the remote location, [appellant] urged her to turn her car around and, as she did, Ms. Pyle heard a "boom." *N.T.T.* at 182-183. [Appellant] and his co-conspirator then got into Ms. Pyle's car, accompanied by a smell of gasoline. *N.T.T.* at 183-184. [Appellant] then instructed Ms. Pyle to "get it, get out of here, hit it, go." *N.T.T.* at 183. Ms. Pyle observed flames coming from the vehicle and [appellant] then stated that this was the second vehicle that he has successfully blown up. *N.T.T.* at 185. [Appellant] then attempted to contact his co-conspirator the next day to "call it through to insurance." *N.T.T.* at 187-188.

Trial court opinion, 12/7/15 at 4-5.

On October 29, 2014, a criminal complaint was filed which charged appellant with the crimes for which he was convicted. On May 14, 2015, following a trial, the jury returned guilty verdicts on all charges. On August 13, 2015, the trial court imposed the sentence set forth above.

On August 24, 2015, appellant filed a post-sentence motion and alleged that the evidence was insufficient to support the convictions and that the convictions were against the weight of the evidence. The trial court denied the motion on September 10, 2015.

On appeal to this court, appellant raises the following issues for this court's review:

1)    Did the lower court err when it found that the evidence was sufficient to support convictions for Reckless Burning; Criminal Mischief; and Conspiracy to Commit Reckless Burning, where all of the elements of the crimes charged, specifically that the item burned (an automobile) was "property of another" was not established?

2)    Did the lower court abuse its discretion in determining that the jury's verdict was not against the weight of the evidence, where the un-contradicted [sic] trial testimony was that the vehicle in question was "in-fact" Kimberly Stretch's property, and that the alleged complainant John Stretch was not the "actual owner" but was the "registered owner" only to help Kimberly Stretch avoid having to comply with mandatory ignition interlock conditions?

Appellant's brief at 5.

Initially, appellant contends that the evidence was insufficient to support his convictions.

> A claim challenging the sufficiency of the evidence is a question of law. ***Commonwealth v. Widmer***, 560 Pa. 308, 319, 744 A.2d 745, 751 (2000). In that case, our Supreme Court set forth the sufficiency of the evidence standard:
>
> > Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. ***Commonwealth v. Karkaria***, 533 Pa. 412, 625 A.2d 1167 (1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. ***Commonwealth v. Santana***, 460 Pa. 482, 333 A.2d 876 (1975). When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. ***Commonwealth v. Chambers***, 528 Pa. 558, 599 A.2d 630 (1991).
>
> ***Id.*** at 319, 744 A.2d at 751.

***Commonwealth v. Morgan***, 913 A.2d 906, 910 (Pa.Super. 2006).

Section 3301(d)(2) of the Crimes Code provides:

> **(d) Reckless burning or exploding.--**A person commits a felony of the third degree if he intentionally starts a fire or causes an explosion, or if he aids, counsels, pays or agrees to pay another to cause a fire or

> explosion, whether on his own property or on that of another, and thereby recklessly:
>
> . . . .
>
> (2)    places any personal property of another having a value that exceeds $5,000 or if the property is an automobile, airplane, motorcycle, motorboat or other motor-propelled vehicle in danger of damage or destruction.

18 Pa.C.S.A. § 3301(d)(2).

Appellant does not argue that the evidence was insufficient to support a determination that he either intentionally started a fire or caused an explosion and placed an automobile in danger of damage or destruction. Appellant argues that because Kimberly Stretch ("Mrs. Stretch") purchased the Ford Explorer that was burned, paid to maintain it, and took on the responsibility for its care and upkeep, the Ford Explorer was not the "property of another" but was the property of his co-conspirator, Mrs. Stretch, even though John Stretch IV ("Mr. Stretch") was the registered owner of the vehicle.

Mrs. Stretch testified that she purchased the Ford Explorer at the end of January 2014 with her own money. (Notes of testimony, 5/13/15 at 103-104, 106.) At the time, Mrs. Stretch and Mr. Stretch were married but were thinking about separating. (*Id.* at 106-107.) Mrs. Stretch admitted that the Ford Explorer was registered in Mr. Stretch's name. (*Id.* at 107.) Mr. Stretch corroborated Mrs. Stretch's testimony. Mr. Stretch admitted that

the Ford Explorer was registered in his name to avoid the requirement of installing an ignition interlock device because Mrs. Stretch had two convictions for driving under the influence due to her drug use. (Notes of testimony, 5/14/15 at 216.)

Based on this testimony, appellant argues that because the Ford Explorer was "actually owned" by Mrs. Stretch, he and Mrs. Stretch did not burn the property of another under Section 3301(d)(2). He argues that Mr. Stretch was merely "the registered" owner and did not actually pay for, maintain, or operate the Ford Explorer.

While the record evidence confirms that Mrs. Stretch did purchase the Ford Explorer and assumed responsibility for it, the fact that the Ford Explorer was registered in Mr. Stretch's name cannot be ignored.

Section 3301(j) of the Crimes Code, 18 Pa.C.S.A. § 3301(j), defines "property of another" as "[a] building or other property, whether real or personal, in which a person other than the actor has an interest which the actor has no authority to defeat or impair, even though the actor may also have an interest in the building or property."

The trial court examined Section 3301(j) and concluded:

> Here, a person other than the actor had an interest in which [appellant] had no authority to defeat or impair. That interest was the car being registered solely to John Stretch, an interest unique to Mr. Stretch. This interest cannot be impaired by anyone else because Mr. Stretch was the sole registered owner of the vehicle. In order for [appellant's] argument to succeed, one would have

> to disregard the legal significance of being the registered owner of an automobile. This is an assertion the Court is unwilling to accept.

Trial court opinion, 12/7/15 at 6.

The trial court correctly did not ignore the significance of Mr. Stretch's ownership interest. Regardless of whether Mrs. Stretch had an interest in the Ford Explorer, Mr. Stretch also had an interest which neither appellant nor Mrs. Stretch could defeat or impair. It is worth noting that, while the cases cited by appellant address the possibility of an owner besides the registered or legal owner, they do not stand for the proposition that the registered or titled owner has no interest in the property in question. Mr. Stretch's status as the registered owner of the Ford Explorer is significant. This court concludes that the evidence was sufficient to warrant a conviction for reckless burning or exploding.

With respect to the conviction for criminal mischief, appellant essentially makes the same argument.

Section 3304(a)(1) of the Crimes Code provides:

> **(a) Offense defined.--**A person is guilty of criminal mischief if he:
>
> (1) damages tangible property of another intentionally, recklessly, or by negligence in the employment of fire, explosives, or other dangerous means listed in section 3302(a) of this title (relating to causing or risking catastrophe);

18 Pa.C.S.A. § 3304(a)(1).

Once again, the key term is "property of another." As the record reflects, the Ford Explorer was registered to Mr. Stretch, who was not a party to the destruction of the vehicle, and appellant does not challenge the evidence that he set fire to the vehicle, the evidence was sufficient to prove criminal mischief.

With respect to conspiracy, appellant argues that Mrs. Stretch could not conspire to burn her own car. Conspiracy is defined in Section 903 of the Crimes Code:

> A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:
>
> (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or
>
> (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903.

Evidence was presented that Mrs. Stretch and appellant agreed to commit the crime of recklessly burning the car. While the crime of conspiracy requires an overt act to sustain a conviction, *see* 18 Pa.C.S.A. § 903(e), the burning of the car constituted an overt act. As appellant's

argument again rests on his faulty reasoning that Mr. Stretch did not have

an ownership interest in the Ford Explorer, his argument fails.

Appellant next contends that the jury's verdict was against the weight

of the evidence.

> [T]he weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact . . . thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence . . . rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.
>
> ***Commonwealth v. Kim***, 888 A.2d 847, 851 (Pa.Super. 2005) (citations and quotations omitted). A motion for a new trial based on a challenge to the weight of the evidence concedes the evidence was sufficient to support the verdict. ***Commonwealth v. Davis***, 799 A.2d 860, 865 (Pa.Super. 2002).

***Commonwealth v. Jarowecki***, 923 A.2d 425, 433 (Pa.Super. 2007).

Appellant asserts that the jury's verdict shocked one's sense of justice

because Mrs. Stretch was the actual owner of the Ford Explorer rather than

Mr. Stretch. As this court has already determined that this argument is not

valid, it is clear that the trial court did not abuse its discretion when it denied appellant's motion for a new trial based on the weight of the evidence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2017