J. S67008/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DERRICK THOMPSON, | : | No. 151 EDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, October 26, 2012,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0004275-2011

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J. AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 31, 2017**

Derrick Thompson appeals the judgment of sentence in which the Court of Common Pleas of Philadelphia County sentenced him to serve a term of life in prison for first-degree murder.[1]  After careful review, we affirm.

In September 2003, Craig Butler ("Butler") was standing outside of a bar on York Street in the City of Philadelphia and overheard appellant tell Terrance Berry ("the victim"), "I don't want you hustling around here no [sic] more."  (Notes of testimony, 10/22/12 at 91.)  Butler explained that the term "hustling" meant "selling drugs."  (**Id.**)

---

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2502(a).

On September 20, 2003, Butler was walking on Arizona Street when he saw the victim standing outside a Ford Thunderbird with his hands resting on the hood. Appellant was in the car. Butler then heard a "boom." Butler saw the victim fall back and saw appellant exit the vehicle. (*Id.* at 92-94.) Butler saw a portion of a double barrel shotgun hanging outside the driver's side window of the car. Butler observed appellant exit the vehicle and get on a bicycle. (*Id.* at 95.) Butler went to appellant's residence and arrived there approximately 15 minutes after the shooting. Butler overheard appellant tell Kiomi Dell ("Dell"), the mother of appellant's child, "to go head [sic] and get the gun from the car, take it in the house." (*Id.* at 104.)

The City of Philadelphia Police Department investigated the scene of the shooting. The victim was pronounced dead at 8:35 p.m. on September 20, 2003. (Notes of testimony, 10/18/12 at 63.) The police recovered two live shotgun shells from the left side of the driver's seat of the Ford Thunderbird. (*Id.* at 142.) Officer Robert Flade of the Crime Scene Unit observed wadding from the shotgun in the victim's neck. (*Id.* at 144.) The police recovered appellant's fingerprints from the Ford Thunderbird. (Notes of testimony, 10/22/12 at 185.)

Sam Gulino, M.D. ("Dr. Gulino"), chief medical examiner for the City of Philadelphia, testified that the victim suffered a shotgun wound to the neck at close range which damaged the structures in the neck, including the voice box, larynx, blood vessels and nerves in the neck, the spine in the

neck, and severed his spinal cord. (**Id.** at 25-26.) Dr. Gulino testified that the victim died of a single shotgun wound to the neck, and the manner of death was homicide. (**Id.** at 41.)

Orlando O'Neal testified that in mid-October of 2003, appellant told him that a person known as "Lemon" had a shotgun in his possession and he wanted money or else he would turn it in to the police. (**Id.** at 55.) Appellant told O'Neal that the shotgun was passed off to a female friend, who passed it off to somebody else, and somehow Lemon got it. (**Id.** at 56.) Appellant told O'Neal that Lemon wanted money every week and that he should have gotten rid of the shotgun right after the shooting. (**Id.** at 67.)

Detective Kevin Judge of the Philadelphia Police Department testified that when he questioned appellant on November 11, 2003, regarding the shooting of the victim, appellant denied that he saw who shot the victim and claimed that Dell called the police to report the shooting. (**Id.** at 119-120.)

Appellant did not testify. Keith Harding, a long-time friend of appellant, testified that appellant told him that he shot the victim "on a [sic] accident." (Notes of testimony, 10/23/12 at 77.)

On October 26, 2012, the jury found appellant guilty of first-degree murder. The trial court sentenced appellant to life in prison. Appellant was also convicted of possession of an instrument of crime[2] but was sentenced to

---

[2] 18 Pa.C.S.A. § 907(a).

no further penalty. Appellant filed a post-sentence motion which the trial court denied on December 11, 2012.

Appellant appealed to this court. On September 12, 2016, appellant's counsel, Norman Scott, Esq. ("Attorney Scott"), applied to withdraw as counsel and asked this court to remand to the trial court for the appointment of new counsel because Attorney Scott had been suspended from the practice of law for six months on August 17, 2016. On October 3, 2016, appellant moved to hold his appeal in abeyance pending the appointment of new counsel after Attorney Scott's suspension. On December 5, 2016, this court granted Attorney Scott's leave to withdraw and remanded for the appointment of new counsel for appellant. This court also granted appellant's motion to hold his appeal in abeyance pending action by the trial court.

On January 30, 2017, the trial court appointed new counsel, David Scott Rudenstein, Esq. ("Attorney Rudenstein"). On April 13, 2017, Attorney Rudenstein petitioned to vacate the previous brief filed on behalf of appellant. On April 21, 2017, this court granted the motion to vacate. Subsequently, both parties filed briefs.

Appellant raises the following issues for this court's review:

> 1. Is [appellant] entitled to an Arrest of Judgment on the charge of Murder in the First Degree where the evidence was insufficient to establish that [appellant] was the perpetrator of the crime; and where, the evidence was insufficient to establish the crime of Murder in

the First Degree where the Commonwealth could not prove specific intent to kill or premeditation?

2.      Is [appellant] entitled to a new trial on the charge of Murder in the First Degree where the greater weight of the evidence did not support the verdict?

Appellant's brief at 3.

Regarding whether the Commonwealth presented sufficient evidence to sustain a conviction, appellant contends simply that the Commonwealth did not prove its case because Butler turns up everywhere. He was present when appellant allegedly threatened the victim, he was present when appellant allegedly shot the victim, and he was present at appellant's home when there was talk of a gun. Appellant characterizes Butler's testimony as "simply outrageously unbelievable." (Appellant's brief at 9.)

A claim challenging the sufficiency of the evidence is a question of law. ***Commonwealth v. Widmer***, 560 Pa. 308, 319, 744 A.2d 745, 751 (2000). In that case, our Supreme Court set forth the sufficiency of the evidence standard:

Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. ***Commonwealth v. Karkaria***, 533 Pa. 412, 625 A.2d 1167 (1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. ***Commonwealth v. Santana***, 460 Pa.

> 482, 333 A.2d 876 (1975). When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. ***Commonwealth v. Chambers***, 528 Pa. 558, 599 A.2d 630 (1991).

> ***Id.*** at 319, 744 A.2d at 751.

***Commonwealth v. Morgan***, 913 A.2d 906, 910 (Pa.Super. 2006).

We begin by reviewing the sufficiency of the evidence for appellant's first-degree murder conviction. "To obtain a first-degree murder conviction, the Commonwealth must demonstrate that a human being was unlawfully killed, the defendant perpetrated the killing, and the defendant acted with malice and a specific intent to kill." ***Commonwealth v. Montalvo***, 986 A.2d 84, 92 (Pa. 2009), citing ***Commonwealth v. Kennedy***, 959 A.2d 916, 920 (Pa. 2008); 18 Pa.C.S.A. § 2502(a). Specific intent to kill can be established through circumstantial evidence, such as the use of a deadly weapon on a vital part of the victim's body. ***Commonwealth v. Rega***, 933 A.2d 997, 1009 (Pa. 2007).

Although appellant acknowledges that credibility is normally left to the jury, appellant argues that Butler's testimony is incredible. He challenges Butler's testimony as not having a "ring of truth to it."

The Pennsylvania Supreme Court has explained that there is an "exception to the general rule that the jury is the sole arbiter of the facts

where the testimony is so inherently unreliable that a verdict based upon it could amount to no more than surmise or conjecture." ***Commonwealth v. Karkaria,*** 625 A.2d 1167, 1170 (Pa. 1993), quoting, ***Commonwealth v. Smith***, 467 A.2d 1120, 1122 (Pa. 1983).

Here, the physical evidence and appellant's own statements supported Butler's testimony such that this verdict was not based on mere surmise or conjecture.

Appellant also asserts that he is entitled to an arrest of judgment on the first degree murder conviction because the Commonwealth failed to make out the elements of the crime. Specifically, appellant argues that the Commonwealth failed to establish that appellant killed the victim in an intentional, deliberate, and premeditated manner.

Here, the evidence supports that the victim was killed and that appellant perpetrated the killing. With respect to whether appellant acted with malice and a specific intent to kill, the Commonwealth presented evidence that Butler heard appellant tell the victim to stop selling drugs in his area a few days before Butler saw appellant talking to the victim. Butler then heard a "bang," saw the victim fall to the ground, saw appellant exit the vehicle, and saw a shotgun in the vehicle. (Notes of testimony, 10/22/12 at 92-95.) Medical evidence and ballistics evidence established that the victim was shot at close range in the neck which severed the spinal cord which is certainly a vital part of the victim's body. It could certainly be

inferred from Butler's testimony that appellant intended to kill the victim. The Commonwealth presented sufficient evidence to establish that appellant committed first-degree murder.

Appellant next contends that the verdict was against the weight of the evidence.

> [T]he weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact . . . thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence, . . . rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.
>
> ***Commonwealth v. Kim***, 888 A.2d 847, 851 (Pa.Super. 2005) (citations and quotations omitted). A motion for a new trial based on a challenge to the weight of the evidence concedes the evidence was sufficient to support the verdict. ***Commonwealth v. Davis***, 799 A.2d 860, 865 (Pa.Super. 2002).

***Commonwealth v. Jarowecki***, 923 A.2d 425, 433 (Pa.Super. 2007).

Appellant argues that the greater weight of the evidence does not support the verdict. Specifically, appellant argues the evidence only supports that he had a gun and that the gun was discharged. While Keith Harding testified that appellant told him that the shooting was an accident, the jury did not credit this testimony and credited the testimony of

Butler. Once again, appellant attacks the credibility of Butler whom the jury obviously credited. Based on the evidence presented, the guilty verdict was not so contrary to the evidence to shock one's sense of justice. The trial court did not abuse its discretion when it denied appellant's post-trial motion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2017