COMMONWEALTH of Pennsylvania,
Appellee

v.

Jason MORGAN, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 14, 2006.
Filed Dec. 8, 2006.

Brandon R. Reish, Stroudsbugh, for appellant.

Elmer D. Christine, Assistant District Attorney, Stroudsburg, for Commonwealth.

BEFORE: ORIE MELVIN, BOWES and TAMILIA, JJ.

OPINION BY BOWES, J.:

¶ 1 Appellant, Jason Morgan, appeals from the judgment of sentence of nine to eighteen months imprisonment imposed after a jury convicted him of 18 Pa.C.S. § 6318, unlawful contact with a minor. Appellant challenges the jury verdict as being against the weight of the evidence or based on insufficient evidence and also contends that 18 Pa.C.S. § 6318 is unconstitutional. After review, we affirm.

¶ 2 Appellant was charged with involuntary deviate sexual intercourse, 18 Pa.C.S. § 3123; statutory sexual assault, 18 Pa. C.S. § 3122.1; corruption of a minor, 18 Pa.C.S. § 6301; and unlawful contact with a minor, 18 Pa.C.S. § 6318. The following facts were adduced at trial. In December 2003, A.S., the minor victim, turned fourteen years old and joined an internet chat room where she met Appellant. The rules of the chat room specified that all partici-pants must be at least eighteen years old. A.S. testified that she listed her age as eighteen on her personal profile. There is no question that when Appellant, who was twenty-four years old at the time, initially contacted A.S., she represented herself to be eighteen years old.

¶ 3 Appellant made contact via the internet and after corresponding for a week, they met in person. Appellant went to A.S.'s home and took her and her sister to a local mall. Appellant and A.S. admittedly began a sexual relationship.

¶ 4 A.S. and her sister both testified that Appellant was told A.S. was fourteen the first time they met. Appellant countered that the first time he discovered A.S.'s real age was at the beginning of January 2004 and maintained that he ceased sexual contact with A.S. thereafter. However, Appellant sent instant messages to the minor through his computer on January 14, 2004, and January 15, 2004, after he knew she was fourteen. Those instant messages provided in relevant part:

> I am a fool for thinking you and I will get back together. I need a beautiful girl to cum [sic] over here and make me feel good someone 18 or older and loves great sex. I am different ... since you broke up with me. I loved you in many ways. You shattered my heart first. I really did love you. That is why I came to see you so many times and bought you presents. What should I do? Should I keep trying or just give up because you confuse me all the time? I really like [sic] the first two weeks we met. ... I have hope that I might get back what we had. I ran because I didn't want your mom to see me. ... I had hope that we could get back what we had. I just felt that was never going to happen so that's why I said those things but you know in my heart I didn't mean it. But if I didn't care why would

I still be here? I went out of my way many times because I was serious about you. I risked everything to date you. **I could go to jail for the things we did together.** I took a big risk. Because I thought you were worth it.

N.T. Trial, 3/9/05, at 11–25 (emphasis added).

¶ 5 On January 24, 2004, A.S. called the police and reported an assault. A.S. told an officer that Appellant came over to her house, demanded that she stop having sex with another man, and assaulted her sister. On January 24, 2004, the investigating officer retrieved from A.S.'s home a condom that was used by Appellant and A.S. two days before the arrest, on January 22, 2004, after the instant messages were sent. Appellant conceded that his DNA was present in the condom. Based on this evidence, Appellant was convicted of unlawful contact and acquitted of the remaining charges.

■■■ ¶ 6 On appeal, Appellant argues that the trial court erred in denying both his motions for acquittal and a new trial as the verdict was against the weight of the evidence or, in the alternative, was based upon insufficient evidence. Scrutiny of whether a verdict is against the weight of the evidence is governed by the standard set forth in *Commonwealth v. Champney*, 574 Pa. 435, 443, 832 A.2d 403, 408 (2003):

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question

of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

■■■ ¶ 7 Since the trial judge is in the best position to view the evidence presented, an appellate court gives the trial judge the utmost consideration when reviewing the court's determination that the verdict is against the weight of the evidence. *Commonwealth v. Wright*, 865 A.2d 894, 915 (Pa.Super.2004). This Court has noted that "a true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Charlton*, 902 A.2d 554, 561 (Pa.Super.2006) (quoting *Commonwealth v. Galindes*, 786 A.2d 1004, 1013 (Pa.Super.2001)). Accordingly, a weight of the evidence challenge contests the weight that is accorded the testimonial evidence. *Armbruster v. Horowitz*, 744 A.2d 285, 286 (Pa.Super.1999).

¶ 8 In this case, Appellant was found guilty of 18 Pa.C.S. § 6318, unlawful contact with a minor, which reads in relevant part (emphasis added):

> (a) Offense defined.—A person commits an offense if he is intentionally in contact with a minor for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:
>
> (1) **Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).**
>
> . . . .
>
> (c) Definitions.—As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

. . . .

"Contacts." Direct or indirect contact or communication by any means, method or device, including contact or communication in person or through an agent or agency, through any print medium, the mails, a common carrier or communication carrier, any electronic communication system and any telecommunications, wire, computer or radio communications device or system.

"Minor." An individual under 18 years of age.

¶ 9 The elements of this crime consist of intentionally, either directly or indirectly, contacting or communicating with a minor *for the purpose of* engaging in a sexual offense, specifically statutory sexual assault. The elements of statutory sexual assault require sexual intercourse with a complainant under the age of sixteen years while the perpetrator is four or more years older than complainant, and the complainant and the perpetrator are not married to each other. *See* 18 Pa.C.S. § 3122.1.

■■■■ ¶ 10 Appellant suggests that his conviction is infirm because A.S. deceived him about her age, and moreover, that the evidence presented at trial on mistake of age should outweigh the evidence presented on the computer chats. Appellant further argues that the verdict was incorrect because he did not have sex with A.S. after he learned of her age, and more importantly, he did not communicate with her for the purpose of continuing their sexual relationship. The evidence established that Appellant knew A.S. was a minor by January 15, 2004, and had sex with her on January 22, 2004. It was exclusively within the purview of the jury to weigh the evidence. The jury convicted Appellant, and the verdict rendered was not contrary to the evidence as to shock our sense of justice; thus, we find no merit in Appel-

lant's argument that the verdict was against the weight of the evidence.

■■■■ ¶ 11 In this appeal, Appellant alternatively contends that if the verdict was not against the weight of the evidence, that there was insufficient evidence to sustain the verdict. A claim challenging the sufficiency of the evidence is a question of law. *Commonwealth v. Widmer,* 560 Pa. 308, 319, 744 A.2d 745, 751 (2000). In that case, our Supreme Court set forth the sufficiency of the evidence standard:

> Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. *Commonwealth v. Karkaria,* 533 Pa. 412, 625 A.2d 1167 (1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. *Commonwealth v. Santana,* 460 Pa. 482, 333 A.2d 876 (1975). When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Chambers,* 528 Pa. 558, 599 A.2d 630 (1991).

*Id.* at 319, 744 A.2d at 751.

■■■■ ¶ 12 Here, Appellant's sufficiency-of-the-evidence argument is premised upon the assertion that the statutory sexual assault must be carried out in order for the actor to have committed the unlawful contact offense. *See Commonwealth v. Evans,* 901 A.2d 528, 537 (Pa.Super.2006). To the contrary, once Appellant contacts or communicates with the minor *for the purpose of* engaging in the prohibited activity, the crime of unlawful contact with a minor has been completed. Actual sexual

intercourse with a complainant under the age of sixteen years is not an element of the crime contemplated in 18 Pa.C.S. § 6318. Therefore, the actor need not be successful in completing the purpose of his contact or communication with the minor. Here, the contact proscribed by 18 Pa.C.S. § 6318 occurred when Appellant engaged in two online instant message exchanges. Appellant instant messaged the minor on January 14, 2004, and January 15, 2004, after he admittedly learned that the victim was fourteen. He had sex with her shortly thereafter.

¶ 13 The computer chats are sufficient to affirm Appellant's conviction for violating 18 Pa.C.S. § 6318. Appellant asked to resume the relationship that he had with the minor when they initially met, and that relationship admittedly was physical. He was successful in that endeavor. He implores this Court to ignore human experience and find that he only contacted A.S. because he wanted their once sexual relationship to be a platonic friendship. The evidence is to the contrary.

¶ 14 When reviewing the totality of the evidence offered at trial, and the transcript noted above, the jury reasonably could have found that the letters, instant messages, and the visit to A.S.'s home was made for the purposes of rekindling their sexual relationship, especially since the Commonwealth presented evidence that Appellant had sexual intercourse with A.S. just two days before his January 24, 2004 arrest. If the jury believed the intercourse occurred, it was within its province for the jury to believe Appellant contacted A.S. for purposes of engaging in that intercourse. After careful review, this Court is satisfied that the evidence was sufficient to permit the jury to find beyond a reasonable doubt that Appellant was guilty. Thus, Appellant's sufficiency-of-the-evidence claim fails.

¶ 15 Turning to Appellant's last claim, he asserts that 18 Pa.C.S. § 6318 is unconstitutional. We our guided by the following standard of review:

As a threshold matter, a statute is presumed to be constitutional and will only be invalidated as unconstitutional if it "clearly, palpably, and plainly violates constitutional rights." *Commonwealth v. MacPherson*, 561 Pa. 571, 580, 752 A.2d 384, 388 (2000). Related thereto, courts have the duty to avoid constitutional difficulties, if possible, by construing statutes in a constitutional manner. *Harrington v. Dept. of Transportation, Bureau of Driver Licensing*, 563 Pa. 565, 573, 763 A.2d 386, 390 (2000). Consequently, the party challenging a statute's constitutionality bears a heavy burden of persuasion. *MacPherson, supra*, at 571, 752 A.2d at 388.

*Commonwealth v. Ludwig*, 583 Pa. 6, 8–10, 874 A.2d 623, 628 (2005).

¶ 16 Appellant argues that 18 Pa.C.S. § 6318 is overbroad and vague. A statute may be found unconstitutionally vague if it lacks definiteness or adequacy of statutory expression. *Id.* at 9, 874 A.2d at 628. The void-for-vagueness doctrine rests on due process notions that a statute must provide reasonable standards by which a person may tailor his behavior, *i.e.*, notice and warning. *Id.* (citing *Smith v. Goguen*, 415 U.S. 566, 572, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974)). A statute so vague that persons of reasonable intelligence have to guess its meaning and that differs in application violates due process. *Id.* at 573 n. 8, 94 S.Ct. 1242.

¶ 17 Pennsylvania statute 18 Pa. C.S. § 6318 unambiguously states that "a person commits an offense if he is intentionally in contact with a minor for the purpose of engaging in an activity prohibited [by Chapter 31]." Any person of ordi-

nary intelligence can understand the meaning of this statute because the statute provides a reasonable standard by which Appellant could have tailored his behavior. Thus, if any person intentionally contacts a minor for the purpose of committing statutory sexual assault, he is subject to criminal penalty.

¶ 18 The transcript cited above notes Appellant's admission that he thought his behavior could be criminally punished. Additionally, the jury's verdict suggests that they found he contacted A.S. for the purposes of committing statutory sexual assault. Therefore, the statute is not void for vagueness.

¶ 19 Similarly, the statute is not overbroad. A statute will be found to be overbroad "if by its reach it punishes a substantial amount of constitutionally protected conduct." *Commonwealth v. Mayfield,* 574 Pa. 460, 471, 832 A.2d 418, 425 (2003). If the overbroad statute "is substantial, judged in relation to its legitimate sweep, it may not be enforced against anyone until it is narrowed to reach only unprotected activity." *Id.*

¶ 20 This statute by its reach does not punish a substantial amount of constitutionally protected conduct. This statute is narrowly tailored to advance a compelling state interest, that being the protection of minors who lack capacity to consent to sexual intercourse. Accordingly, Appellant's final challenge fails.

¶ 21 Judgment of sentence affirmed.