**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DAVID JARROLD SMITH, | : | No. 512 WDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, February 18, 2015,
in the Court of Common Pleas of Westmoreland County
Criminal Division at No. CP-65-SA-0000456-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DAVID JARROLD SMITH, | : | No. 513 WDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, February 18, 2015,
in the Court of Common Pleas of Westmoreland County
Criminal Division at No. CP-65-SA-0000186-2014

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 15, 2016**

David Jarrold Smith appeals the February 18, 2015 judgment of

sentence of the Court of Common Pleas of Westmoreland County that fined

him a total of $75 plus costs for two violations of Section 3364(b)(2) of the

Vehicle Code, 75 Pa.C.S.A. § 3364(b)(2), and one violation of Section 3301(c)(1) of the Vehicle Code, 75 Pa.C.S.A. § 3301(c)(1).

On December 24, 2013, at approximately 6:00 p.m., Pennsylvania State Trooper Corey Beam ("Trooper Beam") was on patrol on Brinkerton Road in Hempfield Township. At approximately 6:10 p.m., Trooper Beam observed three cars ahead of him as traffic was backed up on Brinkerton Road heading south because appellant was ahead of the vehicles on a bicycle. Appellant was traveling below the posted speed limit of 35 miles per hour. Appellant turned onto Smartnick Road as did Trooper Beam. The cars that had been traveling between appellant's bicycle and Trooper Beam remained on Brinkerton. (Notes of testimony, 2/18/15 at 32-34.) Trooper Beam followed appellant for approximately one mile until appellant came to a "complete stop in the middle of the road on the crest of the hill, as I'm behind him, and put his feet down as to, I don't know, take a break I guess." (*Id.* at 35.) Trooper Beam activated his lights, got out of his vehicle, and directed appellant to move to the side of the road. Trooper Beam cited appellant for operating a vehicle at a speed so slow as to impede the normal flow of traffic. (*Id.* at 36-37.)

On May 13, 2014, Pennsylvania State Trooper Chet Bell ("Trooper Bell") was on routine patrol on Donohoe Road in Hempfield Township when he observed appellant "traveling on his pedal cycle in the right lane from the fog line towards the double yellow line back and forth not

allowing for safe passing." (***Id.*** at 9.) Appellant continued operating his bicycle in this manner for approximately one mile until approximately five to ten vehicles were behind him. (***Id.*** at 10.) Appellant received two citations: one for failing to drive in the right lane when traveling less than normal speed and one for operating a vehicle at a speed so slow as to impede the flow of traffic. (***Id.*** at 14.)

Appellant was found guilty of the citations by two magisterial district judges. He appealed to the trial court. The appeals were consolidated before the trial court. The trial court held a ***de novo*** hearing on February 18, 2015. Trooper Beam and Trooper Bell testified regarding the events of December 24, 2013, and May 13, 2014, respectively.

Appellant testified that on May 13, 2014:

> I was riding my bicycle from Twin Lakes onto Donohoe Road going as fast as I could. It was within the law. I was riding in the road. The roadway is a tar and gravel surface and there was an accumulation of loose gravel near the right edge of the road and also in the center between the two tire tracks. There's also glass and debris as I would -- wherever I would see it, and I traveled at all times in the right-hand lane, in accordance with Chapter 35, and I notice that I wasn't being passed and that the roadway had opened up. It was clear for a vehicle to pass, in accordance with the rules on passing, but the vehicle was simply following me. . . .

***Id.*** at 50-51.

With respect to the December 24, 2013, incident, appellant testified:

> [T]here had been a snow squall in the area that left dry blowing snow and freezing drainage along the

roadway, especially Smartnick Road. As I turned on to Smartnick Road, I heard a vehicle behind me at a distance that was greater than someone that was following me, but someone that was not even in proximity to me, and this continued for over a mile. At one point I rode by a church on the right, which has a drainage gutter right next to the roadway from the roof of the church. It collects melted snow, which was refreezing on the roadway. At that point I naturally moved to the left of the ice, which was refreezing on the road. That location is dangerous like that and treacherous every winter.

I then -- the road curves left and it goes up a knob and there's no visibility beyond that. At that point I did ride in the center of the lane. And I believe at this point, where passing would have been unlawful and illegal and unsafe, [Officer Beam] did approach me to a closer proximity. A few seconds later I had crested the hill and again [Officer Beam] could have passed. I made it -- gave way to the right and he continued to followed [sic]. Being Christmas Eve after dark, I began to be concerned about my personal safety as to what the intentions were of this vehicle that is following me and not passing, after numerous efforts that I gave for them to go.

Well, when I reached the crest of the hill where there was visibility for a mile in both directions, I decided that I am going to stop and make a U-turn and make this vehicle go. Well, the reason for that is because at the top of the hill I would be going down at a high rate of speed and could possibly have to maneuver or brake to avoid road hazards. Also, there's a field where deer -- almost every night I would see a herd of deer and these animals would cross right in front of me and it's a place where you don't want to be going fast. You don't want to get rear-ended. I didn't know what this driver following me, what their intentions were, and I decided to take reasonable efforts so as not to impeded [sic] the normal movement of traffic, so it wasn't normal traffic, was it?

> So I stopped and I signaled hands down and I signaled to make a . . . move, and then he activated his lights and then at that time I became aware that it was a state trooper and I followed his instructions. . . .

*Id.* at 52-55.

The trial court found appellant guilty of the three summary offenses "based upon the testimony taken and the credibility of the prosecuting Pennsylvania State Police officer." (Trial court opinion, 5/12/15 at 1.)

Appellant raises the following issues for this court's review:

> Whether the evidence was insufficient to sustain the conviction of Title 75 [Pa.C.S.A.] §3364 . . . (b)(2), Driving On Right side of Roadway on 5/13/2014[?]
>
> Whether the evidence was insufficient to sustain the conviction of Title 75 [Pa.C.S.A.] § 3364 . . .(b)(2), Driving on Right side of Roadway on 12/24/2013[?]
>
> Whether the evidence was insufficient to sustain the conviction of Title 75 [Pa.C.S.A.] § 3301 . . .(c)(1), Driving On Right side of Roadway on 5/13/2014[?] (Italics omitted).

Appellant's brief at 6.[1]

> A claim challenging the sufficiency of the evidence is a question of law. ***Commonwealth v. Widmer***, 560 Pa. 308, 319, 744 A.2d 745, 751 (2000). In that case, our Supreme Court set forth the sufficiency of the evidence standard:
>
>> Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime

---

[1] The convictions were appealed to this court under two separate docket numbers. The appeals were consolidated on May 1, 2015, by ***per curiam*** order of this court.

- 5 -

> charged and the commission thereof by the accused, beyond a reasonable doubt. ***Commonwealth v. Karkaria***, 533 Pa. 412, 625 A.2d 1167 (1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. ***Commonwealth v. Santana***, 460 Pa. 482, 333 A.2d 876 (1975). When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. ***Commonwealth v. Chambers***, 528 Pa. 558, 599 A.2d 630 (1991).

> ***Id.*** at 319, 744 A.2d at 751.

***Commonwealth v. Morgan***, 913 A.2d 906, 910 (Pa.Super. 2006).

With respect to the December 24, 2013 citation,[2] appellant asserts that there was no testimony that he was not operating his bicycle at a safe and reasonable speed. He also argues that there was no evidence that he failed to use reasonable efforts so as not to impede the flow of traffic.

Section 3364(b)(2) of the Vehicle Code, 75 Pa.C.S.A. § 3364(b)(2), provides:

> **§ 3364  Minimum speed regulation**
>
> . . . .
>
> **(b) Slow moving vehicle to drive off roadway.--**

---

[2] This court has foregone the sequence of appellant's arguments.

- 6 -

. . . .

> (2)  A pedalcycle may be operated at a safe and reasonable speed appropriate for the pedalcycle. A pedalcycle operator shall use reasonable efforts so as not to impede the normal and reasonable movement of traffic.

In order to sustain a conviction under 75 Pa.C.S.A. § 3364(b)(2), the Commonwealth must establish either that the bicycle or pedalcycle was not operated at a safe and reasonable speed appropriate for that pedalcycle or that the pedalcycle operator failed to use reasonable efforts so as not to impede the normal and reasonable movement of traffic.

Trooper Beam credibly[3] testified that appellant stopped in the middle of the road on the crest of a hill and that his action forced Trooper Beam to stop his vehicle. (Notes of testimony, 2/18/15 at 35.) Trooper Beam testified that he cited appellant "[b]ecause he impeded traffic by coming to a complete stop in the middle of the road." (*Id.* at 38.)

At the time appellant stopped in the middle of the road, the only other vehicle on the roadway was Trooper Beam. However, it stands to reason that stopping a bicycle in the middle of a two-lane road at the crest of a hill impeded traffic in the form of Trooper Beam. Also, before appellant turned,

---

[3] Regarding issues of credibility, it is not this court's function to substitute its judgment for that of the trial court. Issues of credibility are the province of the finder-of-fact. **Commonwealth v. Zugay**, 745 A.2d 639, 645 (Pa.Super. 1990). In this case, the finder-of-fact was the trial court.

he had traffic backed up behind him. Appellant admitted that he stopped in the middle of the road. While appellant testified that he stopped because he was concerned that a vehicle was following him, he would have had to avoid road hazards, and he possibly would have had to avoid deer crossing the roadway, the trial court did not find him credible.

With respect to the May 13, 2014 citations, appellant raises the same argument concerning Section 3364(b)(2). Trooper Bell testified that appellant was on his bicycle and was weaving back and forth within the right lane for approximately one mile while he was traveling at a rate that was less than the speed limit. Trooper Bell testified that because of the weaving, it was not safe for other vehicles behind him, of which there were five to ten, to safely pass. (Notes of testimony, 2/18/15 at 10-11.) The trial court found Trooper Bell credible. While appellant testified that he was forced to move within the lane because of an accumulation of loose gravel, glass, and debris on the roadway, the trial court did not credit this testimony. Given that a bicyclist must not impede traffic under Section 3364(b)(2), the weaving within the lane which prevented faster moving automobiles from passing him did impede the flow of traffic.

With respect to the violation of Section 3301(c)(1), appellant argues that on a two-lane road with vehicles traveling in one lane in each direction, a pedalcycle can travel and have full use of the right-hand lane but need not

travel as close to the shoulder as possible in order to allow motor vehicles to squeeze by in the same or partially in the same lane as the pedalcycle.

Section 3301(c)(1) of the Vehicle Code, 75 Pa.C.S.A. § 3301(c) provides:

**§ 3301  Driving on right side of roadway**

**(c)    Pedalcycles.--**

> (1)    Upon all roadways, any pedalcycle operating in accordance with Chapter 35, proceeding at less than the normal speed of traffic at the time and place and under the conditions then existing shall be driven in the right-hand lane then available for traffic, or as close as practicable to the right-hand curb or edge of the roadway, except when overtaking and passing another vehicle proceeding in the same direction or when preparing for a left turn at an intersection or into an alley, private road or driveway.

> (2)    This subsection does not apply to:

>> (i)    A pedalcycle using any portion of an available roadway due to unsafe surface conditions.

>> (ii)    A pedalcycle using a roadway that has a width of not more than one lane of traffic in each direction.

On cross-examination, Trooper Bell testified that appellant was operating his pedalcycle or bicycle in the right-hand lane of a two-lane road. (Notes of testimony, 2/18/15 at 21.)

Given that Section 3301(c)(2)(ii) states that Subsection (c)(1) does not apply when the pedalcycle is using a roadway that has a width of not more than one lane of traffic in each direction and Trooper Bell testified that he stopped appellant on a two-lane road with one lane of traffic in each direction, we agree with appellant that the trial court erred when it found him guilty of Section 3301(c)(1) as that section did not apply to appellant.

Judgment of sentence affirmed as to the two citations for Section 3364(b)(2). Judgment of sentence reversed as to the citation for Section 3301(c)(1). Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:4/15/2016

- 10 -