J-S04016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS STUART KING | : | |
| | : | |
| Appellant | : | No. 1373 MDA 2017 |

Appeal from the Judgment of Sentence March 7, 2017
In the Court of Common Pleas of Fulton County Criminal Division at No(s):
CP-29-CR-0000047-2016

BEFORE: SHOGAN, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 29, 2018**

Appellant, Thomas Stuart King, appeals from the Judgment of
Sentence entered in the Fulton County Court of Common Pleas. After careful
review, we affirm on the basis of the trial court's Opinion, which found, *inter
alia*, that the jury's verdict was not against the weight of the evidence.

The trial court set forth the relevant factual and procedural history of
this case in its August 3, 2017 Opinion and we adopt its recitation for
purposes of this appeal. *See* Trial Ct. Op., 8/3/17, at 1-5, 7-10. In
summary, after a one-day trial, at which numerous individuals testified for
both parties, a jury convicted Appellant of two counts of Rape, two counts of
Statutory Sexual Assault, one count of Criminal Attempt-Involuntary Deviate

Sexual Intercourse, and one count of Aggravated Indecent Assault.[1]    On March 7, 2017, the court sentenced Appellant to not less than 270 months' nor more than 540 months' imprisonment.

Appellant filed a post-trial motion raising the claim that the verdict was against the weight of the evidence.  The trial court found that Appellant was not entitled to relief.  The court determined that the verdicts, based upon the evidence presented at trial, did not shock the court's sense of justice.

Appellant filed a timely Notice of Appeal.  He subsequently filed a Pa.R.A.P. 1925(b) Statement to which the trial court responded with a Rule 1925(a) Opinion, incorporating its August 3, 2017 Opinion.

Appellant raises the following issue on appeal:  "Whether the trial court committed an abuse of discretion when determining that the jury's verdict was not against the weight of the evidence and resulted in a miscarriage of justice such that a new trial should have been granted?" Appellant's Brief at 4.

Appellant avers that the jury's verdict was against the weight of the evidence because there was more than a mere conflict in testimony.  *Id.* at 14.  He asserts that the jury did not give the proper weight to the testimony of several individuals at trial that would have cast doubt on the credibility of the victim.  *Id.* at 14-15.

---

[1] 18 Pa.C.S. § 3121(a)(1); 18 Pa.C.S. § 3122.1(b);18 Pa.C.S. §§ 901, 3123(a)(1); 18 Pa.C.S. § 3125(a)(1), respectively.

Initially, we note that "[t]he weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003) (citations omitted).

A trial court reviewing a challenge to the weight given the evidence may grant relief only if "the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013).

The trial court's denial of a weight claim "is the least assailable of its rulings." *Commonwealth v. Diggs*, 949 A.2d 873, 880 (Pa. 2008). *See Commonwealth v. Morgan*, 913 A.2d 906, 909 (Pa. Super. 2006) (stating that because the trial court "is in the best position to view the evidence presented," an appellate court will give that court "the utmost consideration" when reviewing its weight determination). "Where . . . the judge who presided at trial ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence." *Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014) (citation omitted). This Court is instead limited to evaluating only the trial court's exercise of discretion in denying that claim. *Id.*

"A verdict is not contrary to the weight of the evidence because of a conflict in testimony or because the reviewing court on the same facts might have arrived at a different conclusion than the fact[-]finder." *Id.* As our

Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a **palpable abuse of discretion**[.]" ***Id.***

In the case *sub judice*, the judge who presided at trial ruled on the weight of the evidence claim. After a thorough review of the record, the Briefs of the parties, the applicable law, and the comprehensive and well-reasoned Opinion of the trial court, we discern no abuse of discretion. We conclude that there is no merit to Appellant's weight of the evidence claim. Accordingly, we affirm on the basis of the trial court's August 3, 2017 Opinion.

The parties are instructed to attach a copy of the trial court's August 3, 2017 Opinion to all future filings.

Judgement of Sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/29/2018