J-S50044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CODI LEE MICHAEL VEITE, | : | |
| | : | |
| Appellant. | : | No. 434 WDA 2018 |

Appeal from the Judgment of Sentence, March 8, 2018,
in the Court of Common Pleas of McKean County,
Criminal Division at No(s): CP-42-CR-0000254-2017.

BEFORE: BOWES, J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED NOVEMBER 13, 2018**

Codi Lee Michael Veite appeals from his judgment of sentence, contending that the Commonwealth presented insufficient evidence at trial to establish that he had "contact" with a minor to support his conviction of unlawful contact with a minor.[1]  Upon review of the facts and evidence summarized from the record, we affirm.

On Easter Sunday 2017, Veite was at a family gathering. Shortly after he arrived, Veite, then eighteen (18) years old, told C.R., his seventeen (17) year old female cousin, one of the victim's in this case, that he needed to talk to her; they went outside. Two other male cousins, G.N., 13 years old, and K.N., 15 years old, followed them. They all were hanging out, talking when Veite said, "My balls are shaved." and "I could be a porn star." Veite then

---

[1] 18 Pa.C.S.A. §6318(a)

pulled his shorts down, exposing his penis. While his shorts were down, he made no gestures, said nothing, and did not ask anyone to touch him. However, the minors saw his penis. Veite then quickly pulled his shorts up.[2] C.R. told her father what happened, and he called the police.

Veite admitted to the investigating officer that he pulled his shorts down. He explained that he had a burning sensation and thought it was a pimple. He pulled his shorts down to pop it, and his penis fell out. He immediately pulled up his shorts.

Veite was charged with Unlawful Contact with a Minor (18 Pa.C.S.A. section 6318(a)(1) – Felony 3rd Degree, Indecent Exposure (18 Pa.C.S.A. section 3127(a) – Misdemeanor 1st Degree), and Open Lewdness (18 Pa.C.S.A. section 5901) – Misdemeanor 3rd Degree).

Following a jury trial, Veite was convicted of all charges. At the original sentencing hearing, Veite made a motion for extraordinary relief, pursuant to Pa.R.Crim.P. 704, and asked the court to enter a judgment of acquittal as to the unlawful contact with a minor conviction on the grounds that the Commonwealth failed to establish that Veite engaged in "contact" as required under the statute. The trial court rescheduled Veite's sentencing hearing, and directed Veite to file a brief in support of his motion. The trial court subsequently denied Veite's motion. On March 8, 2018, the trial court, in

---

[2] At some point during this incident Veite also made comments about having sexual intercourse with C.R. The Commonwealth, however, did not base the charge of unlawful contact with a minor on those comments.

relevant part, sentenced Veite to twenty-five (25) days to twelve (12) months in the county jail, and required him to register under Megan's Law/SORNA for twenty-five (25) years as a result of his felony conviction for unlawful contact with a minor.[3]

Veite timely appealed. The trial court directed Veite to file a statement of errors complained of on appeal, which Veite did. The trial court relied on its opinion and order issued in response to Veite's motion to comply with Rule 1925(a).

On appeal Veite raises one issue, solely related to his conviction of unlawful contact with a minor:

> (1) Whether the evidence presented on the record at the trial of this matter on December 13, 2017 was sufficient to establish each element of the charge of Unlawful Contact with a Minor, 18 Pa.C.S § 6318(a)(1), thereby justifying a verdict of Guilty for that offense?

Veite's Brief at 6.

In reviewing a sufficiency claim, we must consider "'whether the evidence, admitted at trial, and all the reasonable inferences derived therefrom viewed in favor of the Commonwealth as verdict winner, supports the jury's finding of all the elements of the offense beyond a reasonable doubt.'" **Commonwealth v. Cash**, 137 A.3d 1262, 1269 (2016) (*quoting*

---

[3] In its order, the trial court indicated that Veite was also convicted of corruption of a minor, and that based upon that conviction and his conviction for unlawful contact with a minor, he was required to register as a sex offender. However, nowhere in the record is there any indication that Veite was charged and convicted with corruption of a minor in this case.

*Commonwealth v. Smith*, 985 A.2d 886, 894-95 (Pa. 2009)). Only "where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000).

In his appeal, Veite argues that the Commonwealth failed to present sufficient evidence to establish the elements of unlawful contact with a minor, specifically the "contact" requirement. Veite's Brief at 20. Veite disputes that the contact with the minors was undertaken for the purpose of furthering a criminal act. Neither of the minors who testified indicated that Veite "asked them to perform any sexual acts, to enter into any state of undress, attempted to touch them sexually, attempted to take any type of photographs, asked them to position their bodies in any particular way, or otherwise communicated in a way that would have allowed the jury to conclude that his communication was for the purpose of engaging in a sexual criminal act." Veite's Brief at 26. Veite made no comments or gestures while he was exposed, "which would allow for the inference that the purpose of the communication was for the purpose of furthering his indecent exposure." *Id*. at 26-27. Thus, according to Veite, the evidence was insufficient. We disagree.

The Pennsylvania Crimes Code defines the offense of unlawful contact of a minor as:

**Offense defined.--**A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:

(1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses). [These offenses include rape, statutory sexual assault, involuntary deviate sexual intercourse, sexual assault, institutional sexual assault, aggravated indecent assault, indecent assault, and indecent exposure]. [4]

18 Pa.C.S.A. § 6318; 18 Pa.C.S.A. § 3100 *et seq.*; **Commonwealth v. Rose**,

960 A.2d 149, 152 (Pa. Super. 2008). [5] For the crime of unlawful contact with

a minor, "contacts" is defined as:

Direct or indirect contact or communication by any means, method or device, including contact or communication in person or through an agent or agency, through any print medium, the

---

[4] 18 Pa.C.S 3127 provides:

(a) **Offense defined. –** A person commits indecent exposure if that person exposes his or her genitals in any public place or any place where there are present other persons under circumstances in which he or she knows or should know that this conduct is likely to offend, affront or alarm.

[5] The jury found that Veite's contact was for the purpose of engaging in both the unlawful act of indecent exposure and the unlawful act of open lewdness. Open lewdness, however, is not a crime set forth in Chapter 31 of the Crimes Code. The open lewdness charge was therefore improperly considered for purposes of convicting Veite on the unlawful contact with a minor charge. Notwithstanding this, we conclude that this was harmless error because the jury also concluded that Veite made contact with a minor to engage in the unlawful act of indecent exposure.

mails, a common carrier or communication common carrier, any electronic communication system and any telecommunications, wire, computer or radio communications device or system.

18 Pa.C.S. § 6318(c).

Initially, Veite's argument fails to recognize that the crime of unlawful contact with a minor focuses on communication, verbal or non-verbal, and not physical contact.[6] "Although the statute is titled 'unlawful contact with a minor,' it is best understood as 'unlawful *communication* with a minor.'" ***Commonwealth v. Rose***, 960 A.2d 149, 152 (Pa. Super. 2008) (emphasis added). By its plain terms, the statute prohibits *communication* with a minor for the purpose of carrying out certain sex acts, including indecent exposure. ***Id.*** at 152-53. Therefore, the focus must be on Veite's statements to the minors and why he would have said them.

In reviewing this upon Veite's motion for extraordinary relief, the trial court reasoned:

> [T]here is no dispute that [Veite], before exposing his penis and genitals, made statements including that he 'had shaved his balls,' and, 'he could be a porn star.' If the statements [Veite] made when he exposed himself were not part of the record then his assertion that he exposed his penis and genitals in public due to an overwhelming itch or pain due to a pimple, that he had the immediate and overwhelming urge to expose and address that area of his body, would have more merit. Further, there would be a greater chance that the focus of those around him would not have been drawn to his penis / pelvic area. However, [Veite's]

---

[6] Although many of the crimes listed in Chapter 31 of the Crimes Code involve physical contact, physical contact is not an element of the crime of unlawful contact with a minor. It is not even necessary that the intended sex act even ultimately occur. Once the communicative message is made to a minor, the crime of unlawful contact is complete. ***Id.*** at 153.

> statements about 'shaving his balls' and 'being a porn star' with his actions of pulling his shorts down were intended to draw attention to his penis / genital / pelvic area. He made that communication to get the attention of the minors around him and to get them to look exactly where he wanted them to look and it worked.

Trial Court Opinion, 3/8/18 at 4. We agree. Veite's statements were directly related to his private area. Had Veite not made those statements, the minors may not have paid any attention to him or be inclined to look towards his private area. Moreover, contrary to Veite's contention, the statements did not need to be contemporaneous with the exposure for unlawful contact to occur. Unlawful contact has been found where the communication occurred sometime prior to the underlying sex act. *See Commonwealth v. Rose*, 960 A.2d at 149; *Commonwealth v. Craybill*, 926 A.2d488 (Pa. Super. 2007); C*ommonwealth v. Morgan*, 913 A.2d 906 (Pa. Super. 2006). Regardless Veite made these statements sufficiently close in time to him exposing himself that the jury could find he made them for that purpose.

Based upon the foregoing, we find that the evidence was sufficient for the jury, sitting as the finder of fact and examining the evidence in its totality, to conclude that Veite made statements to C.R. and her cousins for the purpose of enticing them to look at his exposed penis. Thus, we conclude that the evidence, as well as all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner, was sufficient to sustain Veite's conviction for unlawful contact with a minor.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2018