J. S14038/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :     IN THE SUPERIOR COURT OF
                             :          PENNSYLVANIA
               v.             :
                             :
FREDERICK STARNESS, JR.,       :        No. 2062 EDA 2018
                             :
         Appellant     :

Appeal from the Judgment of Sentence Entered February 16, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-SA-0003081-2017

BEFORE:  BOWES, J., KING, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED MAY 13, 2020**

Frederick Starness, Jr., appeals the February 16, 2018 judgment of sentence entered in the Court of Common Pleas of Philadelphia County, following a trial ***de novo*** that resulted in his conviction of the summary offense of reckless driving.[1]  The trial court imposed mandatory fines and costs.  We affirm.

We glean the following from the trial court's opinion:  On September 13, 2017, at approximately 1:50 a.m., Officer Roney[2] was patrolling in the area of Henry Street, a residential area where the speed limit is 35 miles per hour.

---

[1] A person is guilty of reckless driving if he "drives any vehicle in willful or wanton disregard for the safety of persons or property."  75 Pa.C.S.A. § 3736(a).

[2] Officer Roney's first name does not appear of record.

(Trial court opinion, 10/9/19 at 2, 4.[3]) Officer Roney observed appellant travelling "at a high rate of speed" and the officer "decided to follow him." (*Id.* at 2.) The officer testified that she had to travel 55 to 60 miles an hour to catch appellant. (*Id.* at 2, 4.) She further testified that appellant was going "at least 20 to 25 miles [per hour] over the speed limit . . . in a residential area" where "[p]edestrian safety is a concern." (*Id.* at 4.) Appellant testified that he was travelling 3 to 4 miles an hour over the speed limit and was aware of wildlife and children in the area. (*Id.* at 2, 4.)

Following his conviction and sentencing, appellant filed a timely appeal. Appellant was ordered to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), and timely complied. In his Rule 1925(b) statement, appellant raised the following issue:

> [Whether t]he trial court erred in finding [appellant] guilty because the **evidence was insufficient** to support a conviction for [r]eckless [d]riving contrary to 75 Pa.C.S.[A. §] 3736[a?] The only evidence of guilt was the police officer's testimony that [appellant's] vehicle exceeded the speed limit, and speeding, by itself, does not give rise to a conviction for [r]eckless [d]riving. *See Commonwealth v. Bullick*, 830 A.2d 998 (Pa.Super. 2003).

Appellant's Rule 1925(b) statement, 6/19/19 (emphasis added).[4] The trial court then filed its Rule 1925(a) opinion.

---

[3] The trial court's opinion does not contain pagination. Therefore, for the ease of discussion, we have assigned each page a corresponding number.

[4] We note that appellant's Rule 1925(b) statement contains argument in violation of Pa.R.A.P. 1925(b)(4).

On appeal, appellant raises the following issue:

> Whether the trial court erred when it found [a]ppellant guilty of reckless driving when the only evidence against him at trial was testimony that he exceeded the speed limit by an undetermined amount?

Appellant's brief at 6.

At the outset, we note that appellant seemingly raised a sufficiency challenge in his Rule 1925(b) statement. A reading of appellant's brief, however, reveals he raises a weight of the evidence challenge. Appellant's failure to raise his weight claim in his Rule 1925(b) statement waives the claim on appeal.[5] *See Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011).

Even assuming that appellant properly preserved a weight of the evidence claim, appellant's claim would be without merit. "The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Morgan*, 913 A.2d 906, 909 (Pa.Super. 2006), *appeal denied*, 927 A.2d 623 (Pa. 2007); *Commonwealth v. Devine*, 26 A.3d 1139, 1146 (Pa.Super. 2011), *appeal denied*, 42 A.3d 1059 (Pa. 2012).

In his brief, appellant requests this court to assess witness credibility and reweigh the evidence. Specifically, appellant requests that we credit his testimony over that of the police officer. We decline to do so.

---

[5] Appellant was not required to raise a weight of the evidence claim in a post-sentence motion because no post-sentence motions are required "in summary case appeals following a trial *de novo* in the court of common pleas." Pa.R.Crim.P. 720(D).

*Commonwealth v. Talbert*, 129 A.3d 536, 546 (Pa.Super. 2016). The trial court, as fact-finder, had "the duty to determine the credibility of the testimony and evidence presented at trial." *Id.* (citation omitted). Appellate courts "cannot and do not substitute their judgment for that of the fact-finder." *Id.*

Here, the trial court weighed the evidence, assessed the credibility of the witnesses, and determined that the evidence proved that appellant was guilty of reckless driving. Therefore, even if appellant preserved his weight challenge, we would conclude that the trial court's verdict was not so contrary to the evidence so as to shock one's sense of justice. *See Devine*, 26 A.3d at 1146 (reiterating where trial court ruled on weight, appellate court may reverse if verdict so contrary to evidence to shock one's sense of justice).

Judgment of sentence affirmed.

*Judgment Entered.*

_____

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 5/13/2020*