J-A15037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRAVIS PORCHEA | : | |
| | : | |
| Appellant | : | No. 707 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 7, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004561-2019

BEFORE:  BOWES, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                **FILED NOVEMBER 19, 2021**

Travis Porchea appeals from the judgment of sentence of one and one-half to three years of incarceration followed by three years of probation, imposed after his non-jury convictions of unlawful contact with a minor and simple assault.  We affirm.

The pertinent facts of this case are set forth as follows.  On June 13, 2019, S.S., a seventeen year-old girl, was at a store around the corner from her home with two friends.  S.S. observed Appellant, an individual she had never seen before, on the ground outside the store.  Appellant, who appeared to be under the influence of drugs, called out to S.S., "Hey baby, come here." He also asked S.S. several times if she had his phone.  S.S. replied that she did not.  Believing Appellant required medical attention, S.S. called an ambulance and then placed her phone in her back pocket.

As she walked away, Appellant chased her. He threw her on the ground, pinned her there, ripped the side of her shirt, and grabbed her breast.[1] Appellant did not say anything, but was breathing heavily. S.S. called for help and within approximately fifteen seconds, her friends and a group of nearby boys intervened and were able to get Appellant off S.S. by punching and kicking him. S.S. took refuge at her grandmother's house nearby.

Police arrived shortly thereafter, and S.S. returned to the scene. One of the arresting officers was wearing a body camera, which captured portions of a second attack by Appellant. That video was introduced into evidence at his trial. The video depicted that while police were asking Appellant to place his hands behind his back to be handcuffed, S.S. walked over to explain to the police about the first incident and that she did not know Appellant, when Appellant suddenly lunged at S.S., again tackling her to the ground. As Appellant pulled her pants down, he said that he was able to "feel skin." N.T., 12/9/19, at 14, 29. During this second assault, S.S. was lying on her back and Appellant was directly on top of her, grabbing and lifting her shirt, and

---

[1] The learned dissent correctly notes that S.S. testified that Appellant did not touch her. Dissenting Memorandum at 2. However, she testified that he tried to touch her. Regardless, as fact-finder, the trial court was free to credit the testimony of her friend, L.B., who testified that during the first altercation, she observed Appellant grab S.S.'s breast. In any event, our analysis remains unchanged whether the trial court found that Appellant attempted to touch, as S.S. testified, or actually did touch S.S.'s breast, as L.B. testified, during the first altercation. Notably, Appellant does not dispute that he touched S.S.'s breast, but rather merely argues that any "inadvertent" contact "occurred during the simple assault" and should be placed in the context of "a manic, physical struggle motivated by [Appellant's] misguided belief about his phone." Appellant's brief at 21.

then pulling her pants down to her upper thigh area. After approximately one minute, several police officers were able to free S.S. from Appellant's grasp.

As a result of his actions, Appellant was charged with one count each of unlawful contact with a minor, unlawful restraint, false imprisonment, indecent assault, and simple assault. Following a non-jury trial, he was convicted of unlawful contact with a minor and simple assault and acquitted of the remaining charges. Appellant filed a motion for extraordinary relief arguing that the evidence was insufficient to support his conviction of unlawful contact with a minor. The trial court denied the motion and imposed the above-referenced judgment of sentence. Appellant timely filed a notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents a single issue for our review:

> Is the evidence insufficient to sustain a verdict of guilty beyond a reasonable doubt for the charge of unlawful contact with a minor where Appellant's ambiguous statements and conduct are consistent with a non-sexual purpose when viewed within the context of the entire record, as required by this Court's standard of review?

Appellant's brief at 3.[2]

---

[2] We observe that in his concise statement, Appellant also challenged the constitutionality of Subchapter H of the Sex Offender Registration and Notification Act and his requirement to register under that statute. In his brief to this Court, Appellant abandoned this issue. However, he explained that this decision was based on the "acknowledge[ment] that it would frustrate the appellate process to raise the same claims before this Court without the record the Supreme Court required in" *Commonwealth v. Torsilieri*, 232 A.3d 567 (Pa. 2020). Appellant's brief at 5 n.1. Nonetheless, Appellant purports to "preserve . . . the issue here with the understanding that if our High Court
*(Footnote Continued Next Page)*

In reviewing a sufficiency of the evidence claim, our standard of review is well established:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Gause*, 164 A.3d 532, 540–41 (Pa.Super. 2017) (*en banc*) (cleaned up).

Appellant challenges his conviction of unlawful contact with a minor for the purpose of engaging in indecent assault.

---

were to invalidate the statute prior to the conclusion of direct review, then he would be entitled to relief." *Id*. Regardless of whether Appellant has properly preserved this issue as intended, because Appellant's brief is utterly devoid of any discussion relating to this issue, we are precluded from reviewing it on appeal. *See In re W.H.*, 25 A.3d 330, 339 n.3 (Pa.Super. 2011) (quoting *In re A.C.*, 991 A.2d 884, 897 (Pa.Super. 2010) (cleaned up)) ("Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

A person is guilty of unlawful contact with a minor if he or she "is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth: (1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses)." 18 Pa.C.S. § 6318(a)(1).

For the crime of unlawful contact with a minor, "contacts" is defined as:

> "Direct or indirect contact or communication by any means, method or device, including contact or communication in person or through an agent or agency, through any print medium, the mails, a common carrier or communication common carrier, any electronic communication system and any telecommunications, wire, computer or radio communications device or system.

18 Pa.C.S. § 6318(c).

**Commonwealth v. Davis**, 225 A.3d 582, 586 (Pa.Super. 2019) (cleaned up).

Thus, "[t]he elements of this crime consist of intentionally, either directly or indirectly, contacting or communicating with a minor **for the purpose of** engaging in a sexual offense, specifically" indecent assault, in this case. **Commonwealth v. Morgan**, 913 A.2d 906, 910 (Pa.Super. 2006) (emphasis in original). As charged, the elements of indecent assault require indecent contact with the complainant for the purpose of arousing sexual desire in the person or complainant, and the person does so by forcible compulsion. **See** 18 Pa.C.S. § 3126(a)(2). Instantly, Appellant was acquitted of indecent assault. However,

> once [the person] contacts or communicates with the minor **for the purpose of** engaging in the prohibited activity, the crime of

- 5 -

unlawful contact with a minor has been completed. Actual [completion of the underlying crime] is not an element of the crime contemplated in 18 Pa.C.S. § 6318. Therefore, the actor need not be successful in completing the purpose of his contact or communication with the minor.

***Morgan***, ***supra*** at 910-11 (emphasis in original). Accordingly, the fact that Appellant was acquitted of indecent assault does not impact his ability to be convicted of unlawful contact with minors for the purpose of engaging in indecent assault.

In its Rule 1925(a) opinion, the trial court concluded that Appellant communicated to S.S., both verbally and physically, for the purpose of engaging in indecent assault. Specifically, the court cited Appellant's direct words to S.S. ("Come here, baby" and "I feel skin") and physical conduct "(attempting to tear her shirt, touching her breast and pulling her pants down)[.]" Trial Court Opinion, 9/16/20, at unnumbered 3-4.

Appellant argues that the trial court failed to consider Appellant's "ambiguous statements and conduct" in the context of the entire record, and that when done so, the record would demonstrate that Appellant's "statements and conduct were not sexually motivated, but rather fueled by his manic and mistaken efforts to recover what he believed to be his property." Appellant's brief at 12.

Stated plainly, Appellant impermissibly asks us to reweigh the evidence adduced at trial. ***See Gause***, ***supra*** ("[W]e may not weigh the evidence and substitute our judgment for the fact-finder."). Viewing the record evidence in the light most favorable to the Commonwealth, thereby also giving it the

benefit of all reasonable inferences drawn therefrom, we find the evidence legally sufficient to support the conviction. Specifically, neither the direct statements to S.S. nor Appellant's physical conduct were ambiguous when viewed in the context of the entire record. Even assuming, *arguendo*, that the evidence viewed in this light supported Appellant's contention that the attacks were fueled by his attempt to take S.S.'s phone, that did not preclude the trial court from finding that Appellant also contacted S.S. for the purpose of engaging in indecent assault. Based upon Appellant's initial statement to her and his final act of pulling off her pants while stating that he felt skin, we find ample support for the trial court's conclusion.

Judgment of sentence affirmed.

Judge Stabile joins the memorandum.

Judge Musmanno files a dissenting statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2021