J-A15037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TRAVIS PORCHEA :
:
Appellant : No. 707 EDA 2020

Appeal from the Judgment of Sentence Entered February 7, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004561-2019

BEFORE: BOWES, J., STABILE, J., and MUSMANNO, J.

DISSENTING STATEMENT BY MUSMANNO, J.:**FILED NOVEMBER 19, 2021**

I respectfully dissent from the Majority's conclusion that the Commonwealth presented sufficient evidence to sustain Porchea's conviction of unlawful contact with a minor. Rather, I would vacate Porchea's judgment of sentence and remand for a new sentencing hearing.

I acknowledge the standard of review, as stated by the Majority, precludes this Court from reweighing evidence. *See Commonwealth v. Smith*, 97 A.3d 782, 790 (Pa. Super. 2014). Moreover, Porchea's indecent assault acquittal has no impact on the analysis before us. *See Commonwealth v. Morgan*, 913 A.2d 906, 910 (Pa. Super. 2006) (stating that "[t]he elements of [unlawful contact with a minor] consist of intentionally, either directly or indirectly, contacting or communicating with a minor for the purpose of engaging in a sexual offense[.]") (emphasis omitted).

However, the facts, viewed in a light most favorable to the Commonwealth, do not establish the finding of sexual purpose in Porchea's communications. My review of the record reflects that the victim specifically **denied** that Porchea had touched her breast or any private areas. *See* N.T. (Jury Trial), 12/9/19, at 11-13, 20-21 (wherein the victim testified that Porchea had grabbed towards the victim's side in an attempt to reach her phone); *see id.* at 13-14, 20 (wherein the victim testified that Porchea grabbed the rear of her pants, where her phone was located, because he was trying to reach her phone); *see id.* at 22-25 (wherein the victim testified that Porchea did not touch her breasts or vagina during either altercation).

Additionally, the evidence establishes that the first altercation ended swiftly, as a group of nearby boys, who were playing basketball, physically removed Porchea and began attacking him. *See id.* at 22 (wherein the victim testified that the first altercation lasted less than 15 seconds). The second altercation occurred in the presence of the police officers, as Porchea lunged from the officers' grasp at the victim.

Further, the record reveals that Porchea believed, mistakenly, that the victim was in possession of his phone. *See id.* at 11, 13-14, 17, 19-20 (wherein the victim testified that Porchea accused the victim of taking his phone, attempted to grab the victim's phone, and grabbed at the rear of the victim's pants where her phone was located). Thus, in my view, the communication conveyed to the victim was that Porchea believed the victim

was in possession of his phone, and not for a sexual purpose. I conclude that the facts before this Court undoubtedly support Porchea's conviction of simple assault. However, in the context of the record as a whole, I cannot conclude that the Commonwealth presented sufficient evidence to prove Porchea had a sexual purpose in his communications with the victim.

Accordingly, I respectfully dissent from the Majority. I would vacate Porchea's judgment of sentence and remand for a new sentencing hearing.