J-S39040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN HENRY SNYDER, | : | |
| | : | |
| Appellant | : | No. 1756 MDA 2017 |

Appeal from the Judgment of Sentence September 20, 2017
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002081-2015

BEFORE: STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED JULY 25, 2018**

John Henry Snyder ("Snyder") appeals from the judgment of sentence imposed following his convictions of aggravated indecent assault of a child, aggravated indecent assault (complainant less than thirteen years old), indecent assault (complainant less than thirteen years old), unlawful contact with a minor, and corruption of minors. *See* 18 Pa.C.S.A. §§ 3125(b), 3125(a)(7), 3126(a)(7), 6318(a), 6301(a)(1). We affirm.

In October 2014, the victim, A.M., told her mother about a series of sexual encounters that Snyder had initiated with A.M. when A.M. was approximately six years old. During the sexual encounters, Snyder would enter A.M.'s bedroom around 2:00 a.m. and demand that she undress and lay on her bed. Snyder would lay on top of A.M. and insert his fingers into her genitals. Snyder also attempted to put his penis inside of A.M.'s vagina. If A.M. attempted to cry or scream, Snyder would put his hand over A.M.'s

mouth and tell A.M. that he would kill her mother if she told anyone of the abuse. A.M. subsequently described the events to an interviewer at the Harrisburg Children Resource Center ("CRC"). A physical examination was also conducted; however, the doctor did not find definitive evidence of sexual abuse.

Snyder was arrested and charged with numerous crimes. In June 2017, a jury convicted Snyder of the above-mentioned crimes. On September 20, 2017, the trial court sentenced Snyder to an aggregate term of thirteen to twenty-six years in prison. Snyder filed a timely Post-Sentence Motion, which was denied. Thereafter, Snyder filed a timely Notice of appeal and a court-ordered Concise Statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, Snyder raises the following questions for our review:

I.      [Whether] the trial court erred in denying [Snyder's] Post-Sentence Motion contesting the sufficiency of the evidence and testimony used to convict [Snyder] of count five (5), unlawful contact with a minor, in that no contact, as defined by the statute, occurred[?] The victim in the above-captioned case denied that any such contact took place; she testified that [Snyder] said nothing prior to allegedly engaging in any acts with her[.]

II.     Whether the trial court abused its discretion in denying [Snyder's] Post-Sentence Motion because the jury verdict was so contrary to the weight of the evidence as to shock one's sense of justice where the Commonwealth failed to prove beyond a reasonable doubt that [Snyder] intentionally, knowingly, or recklessly sexually assaulted the victim in this case?

- 2 -

Brief for Appellant at 5 (internal citation and some capitalization omitted; questions reordered).

In Snyder's first claim, he alleges that the evidence was insufficient to sustain his conviction of unlawful contact with a minor. *Id.* at 14. Snyder claims that A.M.'s statements to a CRC forensic interviewer prior to trial contradicted A.M.'s testimony at trial. *Id.* at 16-17. Snyder claims that the evidence demonstrates that he and A.M. were clothed during the series of abuses, and the only thing said by Snyder was for A.M. to keep quiet. *Id.* at 17.

We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

The Crimes Code defines unlawful contact with a minor as follows:

(a) A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:

***

(1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).

18 Pa.C.S.A. § 6318(a)(1).

The elements of unlawful contact with a minor "consist of intentionally, either directly or indirectly, contacting or communicating with a minor for the purpose of engaging in a sexual offense[.]" *Commonwealth v. Morgan*, 913 A.2d 906, 910 (Pa. Super. 2008) (emphasis omitted). "The communication may take place in person, on the telephone, via a computer, *or in other ways*." *Commonwealth v. Rose*, 960 A.2d 149, 153 (Pa. Super. 2008) (emphasis added). "[O]nce [the defendant] contacts or communicates with the minor for the purpose of engaging in the prohibited activity, the crime of unlawful contact with a minor has been completed." *Morgan*, 913 A.2d at 910 (emphasis omitted). "[T]he actor need not be successful in completing the purpose of his contact or communication with the minor." *Id.* at 911.

Here, A.M. testified that Snyder engaged in sexual encounters with her over a course of five to seven days. N.T., 6/12/17, at 32. A.M. stated that Snyder walked into her bedroom around 2:00 a.m., verbally demanded, and physically motioned, for her to go to the bathroom and undress. *Id.* at 23-24, 28, 29. A.M. testified that Snyder told her to get onto her bed and lay on her stomach. *Id.* at 29-30. A.M. further testified that, on at least one occasion, Snyder was naked, pushed her to the bed, got on top of her, and put his hand over A.M.'s mouth when she tried to scream. *Id.* at 30-31. A.M. stated that Snyder threatened to spank her and kill her mom if she said anything about the encounters. *Id.* at 29-30.

Viewing this evidence in a light most favorable to the Commonwealth, Snyder made unlawful contact with A.M. when he told her to undress and to lay on her bed on her stomach. *See Commonwealth v. Leatherby*, 116 A.3d 73, 80 (Pa. Super. 2015) (holding that defendant unlawfully contacted a minor where he hugged victim, tried to pull her skirt up while saying "how the hell you get this thing up," and rubbed victim's buttocks and private areas while asking her if it felt good). While Snyder claims that A.M.'s testimony contradicted her statements to the CRC, this does not render the evidence insufficient to support the unlawful contact conviction. *See Commonwealth v. Lyons*, 833 A.2d 245, 258 (Pa. Super. 2003) (citation omitted) (stating that the "[existence] of inconsistencies in the testimony of a witness does not alone render evidence insufficient to support a verdict."); *Commonwealth v.*

***Cruz***, 919 A.2d 279, 281-82 (Pa. Super. 2007) (stating that "[t]he finder of fact is the exclusive judge of the weight of the evidence[,] as the fact finder is free to believe all, part, or none of the evidence presented[,] and determines the credibility of the witnesses."); ***see also Commonwealth v. Bishop***, 742 A.2d 178, 189 (Pa. Super. 1999) (stating that "the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses."). Thus, Snyder's first claim is without merit.

In his second claim, Snyder argues that the verdict was against the weight of the evidence presented at trial because the Commonwealth failed to prove beyond a reasonable doubt that Snyder had intentionally, knowingly, or recklessly sexually assaulted A.M. Brief for Appellant at 12. Snyder claims that he was unable to commit the above-mentioned crimes, because he was in prison during the time that A.M. said that the abuses had occurred. ***Id.*** at 12-13.

"As an initial matter, a challenge to the weight of the evidence must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing." ***Commonwealth v. Jones***, 2018 PA Super 173, at *3 (Pa. Super. 2018) (citing Pa.R.Crim.P. 607(A)(1)-(3)). "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." ***Jones***, 2018 PA Super 173, at *3 (citing Pa.R.Crim.P. 607, cmt.). "Further, … issues not presented in a court-ordered Pa.R.A.P. 1925(b) statement are deemed

waived on appeal." ***Jones***, 2018 PA Super 173, at *3 (citing Pa.R.A.P. 1925(b)(4)(vii)). "[A] Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." ***Commonealth v. Seibert***, 799 A.2d 54, 62 (Pa. Super. 2002) (citation omitted); ***see also id.*** (stating that "[w]hen the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review.") (citation omitted).

Here, Snyder did not raise the claim that it was factually impossible for him to have committed the crimes because he was in prison in either his Post-Sentence Motion or his Rule 1925(b) Concise Statement. Indeed, Snyder's Post-Sentence Motion and 1925(b) Concise Statement make no mention of the conviction that he is appealing, or the reasons for appealing that conviction. Instead, Snyder vaguely claims that the evidence failed to prove the *mens rea* for sexual assault, which prevented the trial court from analyzing the specific issue. ***See Commonwealth v. Lemon***, 804 A.2d 34, 37 (Pa. Super. 2002) (holding that appellant's claims were waived, because he did not raise them specifically in his Pa.R.A.P. 1925(b) statement and the trial court did not address the claims in its opinion). Thus, because Snyder raises new legal arguments for the first time on appeal, his weight claim is waived. ***See Jones***, 2018 PA Super 173, at *4 (stating that "since [a]ppellant failed to raise his particular new weight theories before the trial court and the trial court

did not, therefore, review the new theories and weigh the evidence according to it, there is no discretion for this Court to review.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/25/2018