J-S19037-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAYFEL GORDON, | : | |
| | : | |
| Appellant | : | No. 885 EDA 2018 |

Appeal from the Judgment of Sentence March 12, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010542-2016

BEFORE:    LAZARUS, J., KUNSELMAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:              **FILED JUNE 12, 2019**

Rayfel Gordon (Appellant) appeals from the judgment of sentence imposed following his convictions for indecent assault and unlawful contact with a minor.  We affirm.

In October 2016, a criminal complaint was filed against Appellant, charging him with, *inter alia*, the abovementioned crimes.  These charges arose from an August 2016 incident involving his minor daughter, N.W. Eventually, Appellant proceeded to a non-jury trial.  We begin with the trial court's summary of the facts presented at Appellant's trial.

> [N.W.] testified at trial that she did not meet [Appellant] until 2015, [shortly after learning Appellant was her father,] when she was [around fifteen[1]] years old. After getting to know [Appellant], she would sometimes sleep at his house. She and [Appellant] would sleep in the same bed. N.W. testified that

---

[1] N.W. testified she was born in December 2000.  N.T., 12/8/2017, at 15.

*Retired Senior Judge assigned to the Superior Court.

around August 1 or 2, 2016, while [Appellant] was giving her a back massage as she laid on her stomach [and Appellant sat on top of N.W. on the] bed, she noticed that [Appellant] had an erection. She could feel his erection just below her buttocks.

When N.W. asked [Appellant] to get off of her, she testified that it took "a little while, so [she] shoved [Appellant] just a bit." After he got up, [Appellant] told her he had been sexually attracted to her for months. [Appellant] then asked N.W. if they could have sex. After she said "no," [Appellant] asked if he could "dry hump" her. N.W. again replied "no." [Appellant] left the bedroom, but later returned and apologized, saying that it would never happen again.

N.W. was scared to tell her mother what had happened, but told her best friend, [D.H.], the next day. [D.H.] testified that N.W. told her that while [Appellant] gave her a back massage, he became aroused, and then asked N.W. if they could have sex.

N.W. testified that to make everything seem normal, she saw [Appellant] on several occasions after the incident. About a month after the incident, N.W. decided she would tell her mother what had happened with [Appellant]. After N.W. informed [Appellant] she was going to tell her mother, [Appellant] texted her, "So you want me in jail?" [Appellant] also wished to move on from the incident, texting her, "can we from this point, put behind us for real and start new?" N.W. later told her mother about the incident and her mother contacted the police. N.W. told the police what had happened with [Appellant] and a forensic interview was conducted by the Philadelphia Children's Alliance.

Trial Court Opinion, 6/19/2018, at 1-2 (citations omitted).

Following trial, Appellant was convicted of the aforementioned crimes, and on March 12, 2018, the trial court sentenced Appellant to 11 to 23 months of incarceration "with immediate parole to house arrest, followed by a consecutive term of five years of sex offender probation." *Id.* at 2. Appellant did not file a post-sentence motion. This timely-filed appeal

followed.[2] On appeal, Appellant challenges the sufficiency of the evidence to sustain his convictions. Appellant's Brief at 3. We review Appellant's claims mindful of the following.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

> Further, in viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, the court must give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa. Super. 2014) (internal quotation marks and citations omitted).

We begin with Appellant's indecent assault conviction. A person commits the crime of indecent assault when

---

[2] Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and [] the person does so without the complainant's consent.

18 Pa.C.S. § 3126(a)(1).

The separate crime of indecent assault was established because of a concern for the outrage, disgust, and shame engendered in the victim rather than because of physical injury to the victim. Due to the nature of the offenses sought to be proscribed by the indecent assault statute, and the range of conduct proscribed, the statutory language does not and could not specify each prohibited act.

*Commonwealth v. Provenzano*, 50 A.3d 148, 153 (Pa. Super. 2012) (citation omitted). Furthermore, it is well-settled that "[a] person is not guilty of an offense unless his liability is based on conduct which includes a voluntary act or the omission to perform an act of which he is physically capable." 18 Pa.C.S. § 301(a).

Appellant avers the evidence was insufficient to sustain his conviction because the Commonwealth failed to prove the contact was "voluntary." Appellant's Brief at 8 ("While giving a totally consensual back rub, [Appellant] experienced an unintentional and involuntary bodily response."). Specifically, Appellant contends that

the supposed indecent contact, necessary for the indecent assault conviction, occurred when [Appellant] got an erection while sitting on [N.W.'s] legs and rubbing her back. However, the back rub itself was unquestionably consensual[, as N.W.] testified clearly that she requested it from [Appellant]. And the erection was not a voluntary act. There was no voluntary act of

- 4 -

unconsented indecent contact here to sustain the conviction for indecent assault.

*Id.* at 11 (footnote omitted).

The trial court responded to Appellant's sufficiency claim as follows.

This claim is without merit as the evidence was more than sufficient to support the conviction. Although [N.W.] may have consented to [Appellant] sitting on her for a massage, she did not consent to him touching her, just below the buttock, with his erect penis, for the purpose of arousing his sexual desire. [Appellant's] own words immediately after the massage requesting to have sex with [N.W.]; or, in the alternative, to "dry hump" her[,] shows his intent and state of mind when his erect penis was pressing on her body. [Appellant's] intent and state of mind is further evident by him telling [N.W.] immediately after that he had been attracted to her "for months." Finally, [N.W.] testified that she requested [Appellant] to get off of her after she felt his erect penis pressed against her, but [Appellant] continued to sit on her. [Appellant] only got up after [N.W.] shoved him. The fact that [Appellant] continued to sit on [N.W.] with his erect penis pressed against her contradicts his claim that the indecent contact was unintentional or involuntary.

Trial Court Opinion, 6/19/2018, 4.

Reviewing the evidence in light most favorable to the verdict winner, we conclude the trial court's findings and conclusions are supported by the record. Without addressing whether Appellant's erection constituted a "voluntary act" within the meaning of the statute, we find the evidence presented with respect to Appellant's actions subsequent to the erection firmly established that he voluntary engaged in behavior that constituted indecent assault.

Specifically, Appellant continued to massage N.W. despite his penis becoming erect. N.T., 12/8/2017, at 24. N.W. testified that she felt Appellant's erect penis touch her leg, and despite N.W.'s request that he get off of her, Appellant continued to sit on N.W. until she pushed him away. *Id.* at 24, 75. The foregoing, coupled with Appellant's own words to N.W. that he had been "sexually attracted" to her for months and wished to have sex with her or in the alternative, wanted to "dry hump" her, established that his unlawful actions were done for the purpose of arousing his sexual desire. *Id.* at 25. Thus, this claim fails.

We now turn to Appellant's conviction for unlawful contact with a minor. The statute provides, in relevant part, as follows. "A person commits an offense if he is intentionally in contact with a minor … for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth[.]" 18 Pa.C.S. § 6318(a). "Contacts," for purposes of this crime, has been defined as:

> Direct or indirect contact or communication by any means, method or device, including contact or communication in person or through an agent or agency, through any print medium, the mails, a common carrier or communication common carrier, any electronic communication system and any telecommunications, wire, computer or radio communications device or system.

18 Pa.C.S. § 6318(c). Essentially, as this Court has explained, "[unlawful contact with a minor] is best understood as unlawful communication with a minor." *Commonwealth v. Leatherby*, 116 A.3d 73, 79 (Pa. Super. 2015).

The crux of Appellant's argument is that a defendant cannot be convicted of unlawful contact of a minor when the contact is, as here, not initiated by the defendant. Appellant's Brief at 16.

> Here, [Appellant] did not initiate the communications with [N.W. N.W.] was a guest in [Appellant's] house, and she asked him for a back [massage]. In the course of that back [massage] and its aftermath, [Appellant] confessed his feelings to [N.W.] and then asked for sex. He did not initiate the conversation, and he certainly did not reach out or initiate the encounter for the purpose of sex with [N.W.] - she was a guest in his house and she began the conversation by asking for the back [massage].

*Id.* at 14.

The trial court found that the evidence was sufficient to sustain Appellant's conviction because, *inter alia*, "the evidence plainly shows [Appellant] communicated with the underage victim for the purposes of sexual contact[] … by asking [N.W.] to have sex with him or to [allow him to] 'dry hump' her." Trial Court Opinion, 6/19/2018, 4. We agree with the trial court's conclusion. In doing so, we find Appellant's argument that his conviction for unlawful contact with a minor cannot stand because he did not initiate the contact or communication to be without merit.

In finding as such, we note that the statute clearly sets forth the elements of unlawful contact with a minor, none of which requires the perpetrator to be the individual to initiate contact with the minor prior to engaging in unlawful communication. ***See Commonwealth v. Morgan***, 913 A.2d 906, 910 (Pa. Super. 2006) ("[O]nce Appellant contacts or communicates with the minor ***for the purpose of*** engaging in the

prohibited activity, the crime of unlawful contact with a minor has been completed.") (emphasis in the original). Indeed, this Court has found sufficient evidence to sustain a conviction of unlawful contact with a minor when the defendant did not initiate contact with the victim. *See Leatherby*, 116 A.3d at 81 (finding "the jury could infer that, by intentionally remaining silent when [the victim] knocked on the door, thus causing [the victim] to walk in on [Leatherby] while he was naked, Leatherby engaged in nonverbal communication with [the victim] for the purposes of sexual contact. As such, there was sufficient evidence to support the conviction of unlawful contact[ with a minor]").

Moreover, even if the massage was consensual and initiated by N.W., it was Appellant who intentionally initiated direct contact with N.W. for the purpose of engaging in a prohibited activity, when he propositioned N.W. to have sex with him. Thus, it is of no moment that their initial interaction was consensual and lawful. In light of the foregoing, we find Appellant's verbal communication by way of requesting N.W. engage in sex sufficient to establish that Appellant engaged in unlawful contact with N.W., a minor.

Accordingly, after a review of the briefs, record, and applicable case law, we are not persuaded that Appellant's issues warrant relief from this Court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: <u>6/12/19</u>